■  ROBERT R. NEWELL, Respondent, v NIAGARA MOHAWK POWER CORPORATION et al., Appellants. (Action No. 1.) MICHAEL W. D'ALOIA, Respondent, v NIAGARA MOHAWK POWER CORPORATION et al., Appellants, and ROBERT R. NEWELL, Respondent. (Action No. 2.)—Appeal from an order of the Supreme Court at Special Term, entered July 18, 1975 in Saratoga County, which denied defendants' motion to designate Warren County rather than Saratoga County as the place of trial of Action Nos. 1 and 2, all parties having consented to a joint trial. Action No. 1 was commenced in Washington County on December 11, 1974, that being the county of residence of plaintiff Newell. Action No. 2 was commenced in Saratoga County on April 4, 1974, the county of residence of plaintiff D'Aloia. The defendants moved at Special Term to place the venue of the actions in Warren County, the place of the accident. While defendants are correct in their contention that Special Term erred in holding it was without authority to designate Warren County as the venue for the joint trial because neither action was commenced in that county, the result need not be disturbed. As noted by Special Term, it is the general rule that in the proper exercise of discretion, the venue of the action first commenced should be fixed as the place of trial in the absence of proof of circumstances requiring otherwise (Padilla v Greyhound Lines, 29 AD2d 495 [cases cited therein]). Since defendants moved pursuant to CPLR 602, rather than CPLR 501, the quantum of their proof, given the fact that the respective courthouses of Saratoga and Warren Counties are within 30 miles of each other, is inadequate to prove the requisite special circumstances that would compel the designation of a county, other than one of those selected by the plaintiffs, as the place for a joint trial (Kiamesha Concord v Greenman, 29 AD2d 904). Order affirmed, without costs. Greenblott, J. P., Sweeney, Mahoney, Herlihy and Reynolds, JJ., concur.