HINMAN, STRAUB, PIGORS & MANNING, P. C., Respondent, v AARON J. BRODER et al., Appellants. (Action No. 1.)

AARON J. BRODER, Appellant, v HINMAN, STRAUB, PIGORS & MANNING, P. C., et al., Respondents. (Action No. 2.)

Third Department, November 4, 1982

APPEARANCES OF COUNSEL

*Aaron J. Broder* (*George H. Barber* and *Brian Weiss* of counsel), appellant *pro se.*

*Hinman, Straub, Pigors & Manning, P. C.* (*Bartley J. Costello, III,* of counsel), respondents *pro se.*

OPINION OF THE COURT

MAHONEY, P. J.

On June 18, 1977, Aviva Teichner, an infant and a resident of the City of New York, was severely injured in an accident in a barn in Delaware County. Thereafter, Ingrid Teichner, mother of Aviva, retained the law firm of Hinman, Straub, Pigors & Manning, P. C. (Hinman) to represent her and her daughter. The retainer agreement between Hinman and Mrs. Teichner provided that the law firm was to receive one third of any amount recovered. Hinman then retained Aaron J. Broder, a New York City attorney, to serve as trial counsel. The retainer agreement between the attorneys provided that Broder was to receive 60% of the net legal fees awarded by the court. While a dispute between the two law firms relative to an alleged conflict of interest on the part of Hinman and their clients was ongoing, Broder settled the causes of action of the infant and her mother for the sum of $1,200,000. Thereafter, Broder served upon Hinman a notice of motion for an order removing without fee the Hinman firm, awarding counsel fees to Broder in the amount of 50% of the net recovery plus disbursements, removing Ingrid Teichner as guardian ad litem of her infant daughter and appointing a new guardian ad litem. Prior to the entry of the order[1] dispositive of the motion, Hinman commenced Action No. 1 in Albany County alleging that Broder had breached the retainer agreement by making the motion and, further, had fraudulently induced Hinman to enter into that agree-

---

1. The order was subsequently entered denying all requested relief except that counsel fees for Broder were set at one third of the recovery, and ordered held in escrow pending a determination of the proper division between Hinman and Broder. In his reply brief, Broder states that a further order has been entered in the infant settlement proceedings, which order determined that Broder was entitled to a minimum of 60% of the net attorneys' fee and, further, directed the clerk of the court to pay the same to Broder.

ment. As consequential damages Hinman demanded $75,000. Broder then commenced Action No. 2 in New York County, alleging, *inter alia,* breach of contract and fraud on the ground that Hinman had failed to disclose to Broder a conflict of interest the firm had with the Teichners.

Broder subsequently moved to dismiss Action No. 1 on the grounds that the complaint failed to state a cause of action, the court lacked subject matter jurisdiction and that another action was pending between the same parties for the same cause of action in New York County. Hinman cross-moved to either dismiss Action No. 2 on the ground that the New York County Court lacked subject matter jurisdiction or to consolidate the actions in Albany County.

Special Term held that Albany County had subject matter jurisdiction and, further, that Broder's papers were insufficient to demonstrate that the infant settlement proceeding and Action No. 1 involved identical issues. The court granted Hinman's cross motion to consolidate Actions No. 1 and No. 2 in Albany County. Broder appeals from that part of the order which directed consolidation in Albany County and denied his motion to dismiss.[2]

■ The pendency of the infant settlement proceeding in New York County does not qualify as "another action pending between the same parties for the same cause of action" (CPLR 3211, subd [a], par 4) so as to invoke Special Term's authority to dismiss Action No. 1 on that ground. While it is unnecessary to show that both actions or proceedings pursue the same theories, the movant must prove that both suits arise out of the same actionable wrong and that there is no good reason why one action should not be sufficient to resolve the disputed issues. Here, conceding

---

2. Again, Broder, in his reply brief, states that upon renewal Special Term rendered a modified decision in which it determined that the issues to be decided in the infant settlement proceeding were sufficiently related to those presented in the consolidated actions to warrant a stay of the Albany County proceedings. This order, again, is not part of the record. While the appealability of a modified order is questionable (see CPLR 5517, subd [a], par 3), we permit this appeal to proceed since the modified order does not grant the full relief requested (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5517:1, p 174).

that the infant settlement proceeding is "another action pending" within the meaning of the statute, the dissimilarities of the settlement proceeding and Action No. 1 are so evident that any rational judgment that they fall within the parameters of CPLR 3211 (subd [a], par 4) is precluded. The settlement proceeding in New York County seeks court approval of a settlement of the underlying negligence action while Action No. 1 in Albany County seeks damages for a breach of the retainer agreement between competing attorneys. Thus, it is patently evident that the two suits do not involve "the same cause of action".

■ Next, Broder's contention that section 474 of the Judiciary Law drains the Supreme Court, Albany County, of subject matter jurisdiction is without merit. The Supreme Court is a court of plenary jurisdiction and is competent to entertain all causes of action unless its jurisdiction has been specifically proscribed (*Lacks v Lacks*, 41 NY2d 71, 75). Nothing in section 474 specifically proscribes the Supreme Court in a county other than the one in which the underlying action was brought from entertaining suits arising out of a disagreement over the terms of a retainer agreement.

■ We also reject Broder's view that Action No. 1 fails to state a cause of action because the damages it seeks, attorneys' fees, are neither actionable nor recoverable unless otherwise provided by express agreement or statute (see, e.g., *Equitable Lbr. Corp. v IPA Land Dev. Corp.*, 38 NY2d 516). The fees sought to be recovered are not those incurred in litigating Action No. 1 but rather those incurred in retaining alternate counsel to perform the duties for which Broder was retained, but allegedly failed to perform. Attorney's services were thus the substance of the action alleging a breach of the retainer agreement and the costs of obtaining substituted services were the consequential damages.

■ Finally, we hold that Special Term did not err in fixing venue for the joint trials of Actions No. 1 and No. 2 in Albany County. In the absence of proof of circumstances compelling trial elsewhere, the general rule is that venue for joint trials should be fixed in the county which has

jurisdiction of the action first commenced (*Newell v Niagara Mohawk Power Corp.,* 52 AD2d 664).

The order should be affirmed, with costs.

SWEENEY, MAIN, MIKOLL and YESAWICH, JR., JJ., concur.

Order affirmed, with costs.