■ RICHARD T. OLOWNIA, Respondent, v PETER TOUSSAINT et al., Appellants. (Action No. 1.) PETER TOUSSAINT et al., Plaintiffs, v RICHARD OLOWNIA, Defendant, and BARBARA PHELPS et al., Appellants. (Action No. 2.) HELEN E. BATHRICK, Plaintiff, v RICHARD T. OLOWNIA, Respondent, and BARBARA PHELPS

et al., Appellants. (Action No. 3.) — In three negligence actions to recover damages for personal injuries, Peter Toussaint, Helen E. Bathrick and Barbara Phelps separately appeal from an order of the Supreme Court, Queens County (Kassoff, J.), dated September 20, 1982, which, *inter alia,* granted the motion of plaintiff Olownia for an order joining the three actions, fixed the site of the trial in Queens County, and denied the cross motion of Peter Toussaint for removal of said actions for joint trial in Dutchess County. Appeal by Helen E. Bathrick dismissed, without costs or disbursements. Said appeal has not been perfected. Order reversed, plaintiff Olownia's motion is denied, Toussaint's cross motion is granted, the Olownia action is removed from Queens County to Dutchess County and the three actions are joined in Dutchess County, which shall be the site of the trial. On this court's own motion, the title shall be amended as follows: The Toussaint suit shall be designated action No. 1; the Bathrick suit, action No. 2; and the Olownia suit, action No. 3. Appellants Toussaint and Phelps are awarded one bill of costs payable by the respondent. All of the captioned actions arose from a three-car collision occurring on February 19, 1982, in the Town of Rhinebeck, Dutchess County. The accident was investigated by the New York State Police and a report was filed by Trooper H. D. Bloomer, who is stationed at the Town of Rhinebeck State Police barracks in Dutchess County. The police report purportedly indicated that "snow and adverse weather conditions" were prevailing at the time of the accident. A total of eight persons were injured in the accident. The four injured Toussaints — Peter, Sharon, Marie and David — who were all residents of Rhinebeck, located in Dutchess County, received initial medical treatment at Northern Dutchess Hospital. The attending physician at that facility, as well as the physicians who rendered subsequent treatment to the Toussaints, all had their places of business in Dutchess County. Defendant Phelps was initially treated at Northern Dutchess Hospital and was subsequently transferred to Kingston City Hospital in the adjacent County of Ulster. Plaintiff Richard Olownia received initial medical treatment in Dutchess County. As respects the residences of the principal parties, both Peter Toussaint and Helen Bathrick, the owners/operators of two of the vehicles involved in the collision, resided in Rhinebeck. The owner of the third vehicle, Barbara Phelps, was a resident of Tivoli, which is located in northern Dutchess County. Her vehicle, in which she was a passenger at the time of the accident, was being driven by plaintiff Olownia. Olownia gave his address at the scene of the accident as Harrison, which is in Westchester County. The first of the three actions to be instituted was that of the Toussaints (originally captioned action No. 2), which was commenced in or about March, 1982. The second action in point of time was the Bathrick suit (originally captioned action No. 3). Said action was commenced in or about May, 1982. Both actions were pending in the Supreme Court, Dutchess County, at the time Olownia's action was instituted in Queens County, on or about June 10, 1982. Olownia claimed to be a Queens resident at the time his action was commenced. After commencing his action against defendants Toussaint and Bathrick in Queens County, Olownia moved to join the three actions and to have them tried in Queens. Peter Toussaint cross-moved for a joint trial in the Supreme Court, Dutchess County. We find that, under the circumstances of this case, it was an improvident exercise of discretion to grant Olownia's motion and to deny Toussaint's cross motion. As a general rule, the venue for joint trials should be fixed in the county which has jurisdiction of the action first commenced, absent proof of circumstances compelling trial elsewhere (*Hinman, Straub, Pigors & Manning v Broder,* 89 AD2d 278, 281-282; *Matco Elec. Co. v Beacon Constr. Co.,* 52 AD2d 1084, 1085; *Newell v Niagara Mohawk Power Corp.,* 52 AD2d 664). At bar, Olownia's action was the last in time to be commenced. Special Term neverthe-

less ordered the other two pending actions removed to Queens County, where Olownia's action had been commenced, and fixed that county as the venue for the joint trial. The sole basis for the Queens County venue was Olownia's claimed residence at the time of trial. All of the eight material witnesses to the accident, with the exception of Olownia, reside in Dutchess County. It is also undisputed that the investigating officer is stationed in Dutchess County. Moreover, the appropriate witnesses with custody of official weather records are located in that county and there exists the probability that the local highway department could provide evidence as to roadway conditions which existed at the time of the accident. In addition to the fact that the accident occurred in Dutchess County, the physicians who treated the injured parties, as well as all of the attorneys, except for Olownia's, are based in up-State counties. The facts of this case mandate the retention of venue in Dutchess County. Accordingly, the order under review is reversed, Olownia's action is ordered removed from Queens to Dutchess County and the three pending actions are joined for trial in the Supreme Court, Dutchess County. Mangano, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.