■ ALICE LEUNG, Appellant, v CHRISTIAN SELL et al., Respondents. (Action No. 1.) ADRAINE SANCHEZ et al., Appellants, v D.R.C. INDUSTRIES, INC., et al., Respondents. (Action No. 2.) LESLIE J. BOGHOSIAN, Respondent, v GEE M. NG et al., Respondents. (Action No. 3.) STEPHEN SELL et al., Respondents, v GEE M. NG et al., Respondents. (Action No. 4.)—Main, J. Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered January 31, 1985 in Schenectady County, which, *inter alia,* granted the motion of defendants in action No. 4 for a joint trial of all actions to be held in Schenectady County.

On January 1, 1984, an automobile owned by D.R.C. Industries, Inc., doing business as Budget Rent a Car (Budget), and operated by Gee M. Ng collided with an automobile owned by Stephen Sell and operated by Christian Sell. The accident occurred on State Route 28 in the Town of Johnsburg, Warren County, and, as a result, the within actions for personal injury and property damage were commenced. Action No. 1 was the first action commenced and was venued in Queens County, where plaintiff therein resides. Action No. 2 was the second action commenced and was venued in New York County, where plaintiffs therein reside. Action Nos. 3 and 4 were subsequently commenced in Schenectady County. Thereafter, Ng, who lived in the New York City area, and Budget, whose principal place of business was located in Queens County, moved for joinder of the four actions in Schenectady County. By cross motion, plaintiff in action No. 1 moved for joinder for the purposes of trial in Queens County or, alternatively, in New York County. After argument and consideration of affirmations submitted supporting and opposing the motions, Special Term ordered joint trial of the four actions in Schenectady County. Plaintiffs in action Nos. 1 and 2 appeal.

A motion such as this is directed to the sound discretion of the trial court and, unless that discretion was improvidently exercised, the court's determination will be upheld *(Boyea v Lambeth,* 33 AD2d 928, 929; *see, Palmer v Chrysler Leasing Corp.,* 24 AD2d 820). While there is no precise formula to follow, several factors should be taken into consideration, namely, the place of the accident, the residence of the parties, convenience of witnesses to the accident, the convenience of medical experts and the state of the Trial Calendar in the respective counties. This accident occurred outside Schenec-

tady County, and three of the five injured plaintiffs live in New York City, one of the defendants lives in the New York City area and the corporate defendant is based in New York City. Any eyewitnesses live outside of, but closer to, Schenectady County. While medical attention was first rendered to plaintiffs in action Nos. 1 and 2 in Warren County, the major portion of their treatment was rendered by attending physicians in the New York City area. The status of the calendars in Schenectady and Queens Counties is comparable, with a 14- to 18-month delay in each. While the motion is directed to the court's discretion, the time-honored rule is that, in the absence of proof of circumstances *compelling trial elsewhere,* venue for joint trials should be fixed in the county which has jurisdiction of the action first commenced *(Newell v Niagara Mohawk Power Corp.,* 52 AD2d 664; *Padilla v Greyhound Lines,* 29 AD2d 495, 498). The factors discussed here appear to be evenly balanced and there is surely no showing or proof of circumstances compelling a trial outside Queens County, the county in which the first action was commenced. Thus, it was an abuse of discretion not to adhere to the well-established rule.

Order reversed, on the law and the facts, with costs, motion denied and cross motion granted, and actions joined for trial in Queens County. Mahoney, P. J., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.