■ T T ENTERPRISES, Respondent, v IRVING GRALNICK, Respondent. (Action No. 1.) ROBERT O'BERRY et al., Appellants, v TOM TIGH ENTERPRISES, INC., Doing Business as T T ENTERPRISES, et al., Defendants, and IRVING GRALNICK, Respondent. (Action No. 2.)—In an action to recover for property damages (action No. 1), and an action to recover damages for personal injuries, etc., (action No. 2), the plaintiffs in action No. 2 appeal from an order of the Supreme Court, Nassau County (Kutner, J.), dated June 7, 1985, which granted the motion of the defendant Irving Gralnick to remove that action from the Supreme Court, Bronx County, to the Supreme Court, Nassau County, and to consolidate it with action No. 1 pending in the Supreme Court, Nassau County.

Ordered that the order is modified, in the exercise of discretion, by deleting the provision thereof which directed that venue of the consolidated actions be placed in Nassau County, and substituting therefor a provision placing venue in Bronx County. As so modified, the order is affirmed, without costs or disbursements. Within 10 days after service upon him of a copy of this decision and order, with notice of entry, the Clerk

of the Supreme Court, Nassau County, shall transfer the file of the consolidated action to the Clerk of the Supreme Court, Bronx County.

The two actions which are the subject of this appeal arise out of a motor vehicle accident which occurred on September 20, 1984, in Bronx County. In November 1984 the owner of one of the vehicles, T T Enterprises, a domestic corporation having its principal office in Nassau County, commenced action No. 1 in the Supreme Court, Nassau County, against Irving Gralnick, the owner and operator of the second vehicle, seeking to recover approximately $5,500 for property damage sustained to its vehicle. Gralnick, a New Jersey resident, answered the complaint and asserted a counterclaim seeking to recover approximately $1,600 for damages sustained to his vehicle.

Subsequently, in March 1985, Robert and Julie O'Berry, Bronx County residents, commenced action No. 2 in the Supreme Court, Bronx County, action No. 2 seeking to recover a total of $4,000,000 in damages for personal injuries sustained by Mr. O'Berry. Named as the defendants in that action were Gralnick, T T Enterprises and William Luftig, a Suffolk County resident who was the operator of the vehicle owned by T T Enterprises.

After joinder of issue in action No. 2, Gralnick moved in the Supreme Court, Nassau County, to consolidate the two actions in that court pursuant to CPLR 602 (a). Special Term granted the motion.

There is no serious dispute in this case that the actions involve common questions of law and fact and were properly consolidated (see, CPLR 602; Matter of Schneider [Government Employees Ins. Co.], 88 AD2d 619). The only real question is whether venue was properly placed in Nassau County rather than Bronx County.

Motions to consolidate two pending actions pursuant to CPLR 602 (a) are addressed to the sound discretion of the court (Leung v Sell, 115 AD2d 929), subject to the general rule that, in the absence of special circumstances, where the actions have been commenced in different counties venue should be placed in the county having jurisdiction over the action first commenced (see, Leung v Sell, supra; Maldonado v Whiting, 109 AD2d 871; Maciejko v Jarvis, 99 AD2d 799). Under the general rule, therefore, venue of this action would properly be placed in Nassau County, where the first action was commenced.

However, under the circumstances of this case, venue should more properly be placed in Bronx County. The record establishes that Robert O'Berry, who was injured in the accident, is both a Bronx resident and maintains a business in that county; that he was treated initially by doctors at a hospital located in The Bronx; that the police officer who responded to the accident scene was assigned to a police precinct in The Bronx; and that three eyewitnesses to the accident reside in The Bronx. Moreover, it must be noted that the action commenced in The Bronx seeks significant damages for personal injuries, while the action commenced in Nassau County relates to relatively minor property damage claims which belong more appropriately in the District Court rather than the Supreme Court (UDCA 202; CPLR 325 [a]). Therefore, in the exercise of our discretion, we conclude that sufficient special circumstances exist to warrant deviation from the general rule and direct that venue be placed in Bronx County *(see, Perinton Assocs. v Heicklen Farms,* 67 AD2d 832; *cf., Leung v Sell, supra; Maciejko v Jarvis, supra).* Brown, Weinstein and Rubin, JJ., concur.

Bracken, J. P., concurs in part, and dissents in part, and votes to affirm the order appealed from, with the following memorandum: I cannot agree with my colleagues of the majority that this court ought to substitute its discretion for that of the trial court in this case. We have held that, in the absence of special circumstances *compelling* that venue be placed elsewhere, the venue of consolidated actions commenced in different counties should be placed in the county in which the first action was commenced *(see, Leung v Sell,* 115 AD2d 929; *Maldonado v Whiting,* 109 AD2d 871; *Maciejko v Jarvis,* 99 AD2d 799; *Olownia v Toussaint,* 98 AD2d 716). Here, the jurisdiction of the Supreme Court, Nassau County, was first invoked, and I perceive no facts or circumstances which would *compel* that venue be fixed in Bronx County, particularly in view of the close geographical proximity of the two counties, permitting transportation to the trial with relative ease. Accordingly, I respectfully dissent and vote to affirm the order consolidating the two actions for trial in Nassau County.