▆ KEVIN P. VARNEY, Respondent, v EDWARD S. GORDON COMPANY, INC., Appellant. (Action No. 1.) EDWARD S. GORDON COMPANY, INC., Appellant, v KEVIN P. VARNEY, Respondent. (Action No. 2.)—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Edward S. Gordon Company, Inc. (ESG) commenced a declaratory judgment action against Kevin P. Varney (Varney) in Supreme Court, New York County, by service of a summons with notice on June 29, 1987. A few days later Varney commenced an action against ESG in Supreme Court, Onondaga County, by service of a summons and complaint on July 2, 1987. Varney moved in Onondaga County to consolidate the two actions and to place venue in Onondaga County; ESG cross-moved to consolidate the actions, but to place venue in New York County.

Consolidation was properly ordered at the request of both parties, but the court erred in placing venue in Onondaga County. Generally, the proper venue is in the county in which the first action was commenced, absent proof of circumstances compelling trial in another venue *(Olownia v Toussaint,* 98 AD2d 716, 717). The court in its discretion may determine that factors such as convenience of witnesses or court congestion compel departure from the general rule *(Perinton Assocs. v Heicklen Farms,* 67 AD2d 832, 833), but on this record we find that it was an abuse of discretion to depart from the general rule *(see, Leung v Sell,* 115 AD2d 929). Although Onondaga County is Varney's county of residence, New York County is ESG's place of business, the underlying transactions occurred in New York County or an adjacent county, and the only nonparty witnesses named either reside in or are employed in New York County. Thus, ESG's cross motion to place venue in New York County must be granted. (Appeal from order of Supreme Court, Onondaga County, Hayes, J.—consolidation; venue.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.