■ LINDA R. GRAEV, Respondent-Appellant, v LAWRENCE G. GRAEV, Appellant-Respondent. [631 NYS2d 685] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered May 12, 1995, which denied defendant's motion to dismiss this matrimonial action pursuant to CPLR 3211 (a) (4) on the ground that there is a prior action pending between the parties in Suffolk County, denied plaintiff's motion pursuant to CPLR 602 (b) to consolidate the two proceedings in New York County, and denied defendant's cross motion to stay the action pending resolution of his action against plaintiff, and from an order of the same court and Justice entered the same date, which granted plaintiff temporary maintenance and interim counsel, accountant and appraiser fees, modified, on the law, the facts and in the exercise of discretion, to the extent of granting plaintiff's motion to remove the Suffolk County action to New York County and consolidate same with the New York action, and otherwise affirmed, without costs.

The court did not abuse its discretion in denying the motion to dismiss (*see, Whitney v Whitney*, 57 NY2d 731, *on remand* 92 AD2d 935, 936), as the action by one spouse for divorce on one set of grounds is not an action "for the same cause of action" (CPLR 3211 [a] [4]) as an action by the other spouse based on different grounds (*Kevorkian v Harrington*, 158 Misc 2d 464, 468). Further, merely because defendant commenced his action first by serving and filing a summons with notice (CPLR 304) does not mandate dismissal as a " 'prior action pending' " in the absence of service of a complaint (*supra*, at 467, citing *United Enters. v Hill*, 185 AD2d 206). Nor was it an improvident exercise of discretion to deny the motion for a stay pending determination of the Suffolk action (CPLR 2201). The award of interim maintenance and professional fees was not excessive based upon, *inter alia*, the parties' pre-separation lifestyle and the substantial difference in the parties' assets and income (*see*, Domestic Relations Law § 236 [B] [6]; § 237; *Hartog v Hartog*, 85 NY2d 36, 50-51; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881; *Baker v Baker*, 120 AD2d 374).

However, because the court determined that New York was the first county in which the complaint was served for purposes of CPLR 3211 (a) (4) and as a joint proceedings will serve judicial economy, the court erred in failing to remove the Suf-

folk action to New York County and consolidate it with the New York action. The fact that Suffolk had previously denied a motion for change of venue pursuant to CPLR 510 and 511 would not prevent the grant of such motion pursuant to CPLR 602 (*see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C602:4; *Padilla v Greyhound Lines,* 29 AD2d 495, 499). Concur—Rosenberger, J. P., Asch, Williams and Mazzarelli, JJ.

Rubin, J., dissents for the reasons stated by Friedman, J.