OPINION OF THE COURT
Matthew A. Rosenbaum, J.
Plaintiff, Quatro, by notice of motion filed December 8, 2016 seeks an order pursuant to CPLR 602 removing and consolidating an action filed in Erie County, known as Buffalo Hotel Supply Co., Inc. v Quatro Consulting Group, LLC (Sup Ct, Erie County, Dec. 8, 2016, Nowak, J., index No. 813134/2016).
Defendant, Buffalo Hotel Supply Company, Inc. (BHS), opposes and by notice of motion dated December 19, 2016 seeks an order dismissing this action pursuant to CPLR 3211 (a) (4), or in the alternative transferring venue to Erie County pursuant to CPLR 510 (3).
Procedural Facts
On November 21, 2016 Jeremy Sher, on behalf of plaintiff Quatro Consulting, contacted defendant seeking to resolve the dispute, and advising that his client would be serving a demand for payment for services. The same day a demand requesting the amount of $255,000 was sent by facsimile. (Carbone aff dated Dec. 19, 2016, exhibit A.)
BHS disagreed with the demand and elected to commence a declaratory judgment action “to declare inter alia, that the Consulting Agreement upon which Quatro relies has been mutually modified by the parties.” (Carbone aff ¶ 5.)
On November 22, 2016 BHS commenced its action electronically in New York State Supreme Court, Erie County, by filing a summons with notice. (Id. ¶ 6; exhibit B summons with notice; exhibit C efile receipt.) BHS’s exhibit C, the efile receipt (which was not emailed until November 28, 2016), clearly establishes that on November 22, 2016 at 12:07:18 p.m. the case was commenced by the electronic filing with an assigned index No. 813134/2016, and the payment of a $210 fee. (Exhibit C.)
BHS claims a courtesy copy of the efiling was sent to Mr. Sher under the belief that they could serve the summons with *617 notice that day. However, unbeknownst to BHS due to the Thanksgiving holiday the index number and notice thereof was not assigned or provided until the November 28, 2016 email. (Exhibit C email showing filing.) Through no fault of BHS, since the Erie County Clerk’s Office did not provide the filing receipt until after the holiday, the summons with notice could not be served until November 28, 2016 at the earliest (¶ 9). However, the summons with notice was not served until November 30, 2016 since Quatro had no physical office, and the Department of State records provided a former attorney address, Ernstrom & Dreste, LLP, which was no longer a valid address (¶ 10).
Counsel Sher admits that on November 22, 2016 BHS filed a summons with notice which was served on November 30, 2016. (Sher affirmation dated Dec. 8, 2016, ¶¶ 5, 6; exhibit B aff of service.) The Quatro action filed in Monroe County was served on BHS on November 29, 2016, one day prior to Quatro being served with the summons with notice filed by BHS in Erie County.
Law and Rationale
CPLR 304 states “[a]n action is commenced by filing [the] summons and complaint or summons with notice.” (See also Matter of Grant v Senkowski, 95 NY2d 605 [2001] [commencement by filing].)
Although New York courts generally follow the first-in-time rule,
“determining the priority of pending actions by dates of filing is a general rule that should not be applied in a ‘mechanical’ way, and . . . special circumstances may warrant deviation from this rule where ‘the action sought to be restrained is vexatious, oppressive or instituted to obtain some unjust or inequitable advantage.’ ” (L-3 Communications Corp. v SafeNet, Inc., 45 AD3d 1, 7 [1st Dept 2007] [citations omitted].)
Courts will deviate from the first-in-time rule and not reward conduct where one party files an action preemptively after learning of the opposing parties’ intent to commence litigation. (Id. at 8; see also White Light Prods. v On The Scene Prods., 231 AD2d 90 [1st Dept 1997].)
CPLR 3211 (a) (4) provides,
“A party may move for judgment dismissing one or more causes of action asserted against him on the *618 ground that: . . .
“4. there is another action pending between the same parties for the same cause of action in a court of any state or the United States; the court need not dismiss upon this ground but may make such order as justice requires.”
Here, BHS commenced its action by filing the summons with notice in Erie County at least six days prior to Quatro commencing its action in Monroe County. The belated verification and assignment of an index number by the Erie County Clerk through its efiling systems should not disrupt the first-in-time filing rule.
However, Jeremy Sher, Esq., counsel for Quatro Consulting, in reply submits that the Erie County filing was actually not the “first-in-time” since the filing of a summons with notice only, and not the complaint does not constitute “another action pending.” Counsel cites several cases from the First and Second Departments which held that CPLR 304 does not mandate dismissal as a “prior action pending” where a complaint has not been served. (See Graev v Graev, 219 AD2d 535 [1st Dept 1995]; Wharton v Wharton, 244 AD2d 404 [2d Dept 1997].) In these two actions, the parties, unlike here, were seeking a divorce. In Wharton which cited to Graev, the husband sought dismissal under CPLR 3211 (a) (4) defensively after the wife commenced an action seven years after he initially filed but did nothing. The Court dismissed the prior action pending argument. In Graev the Court stated, “merely because defendant commenced his action first by serving and filing a summons with notice (CPLR 304) does not mandate dismissal as a ‘prior action pending’ in the absence of service of a complaint.” (219 AD2d at 535.) The appellate court did not find that the trial court abused its discretion in making its determination as “(CPLR 304) does not mandate dismissal.” (Id.) Rather, the appellate court stated that “in the exercise of [its] discretion” they were making the determination. (Id.)
The other two cases, also from the Appellate Division, cited by Quatro held that “the filing of a summons with notice, absent the service of the complaint, does not constitute . . . commencement” under CPLR 3211 (a) (4). (See San Ysidro Corp. v Robinow, 1 AD3d 185, 186 [1st Dept 2003], citing Security Mut. Life Ins. Co. of N.Y. v DiPasquale, 271 AD2d 268 [1st Dept 2000].) In Security, the Court, following CPLR 304, held that in the Supreme Court, an action is commenced upon the filing of the summons and complaint not the service thereof.
*619 In review of those cases, it is unclear why the appellate courts did not follow the clear statutory language, that “an action is commenced by filing a summons and complaint or summons with notice” (CPLR 304 [a] [emphasis added].) The statute is clear that commencement occurs with either the filing of the summons and complaint, or the filing of a summons with notice. The Fourth Department in a factually similar case and filing scenario made such a determination that the filing of a summons with notice was commencement. (Varney v Gordon Co., 139 AD2d 973 [4th Dept 1988].) Although counsel Sher in opposition points out that the Varney holding has not been cited in any subsequently reported Appellate Division cases, it has not been reversed either. Our Department’s holdings are binding on this court. Moreover, this Department applied the literal language of CPLR 304 which provides that the filing of a summons with notice constitutes commencement.
Accordingly, pursuant to CPLR 304 and Varney BHS was first-in-time to commence its action in Erie County. The delay caused by the electronic filing should not hinder the first-in-time filing.
Based upon this finding, the court is not required to consider the other arguments raised by counsel, however “[t]he court in its discretion” may consider those other factors. (Varney at 973.) Counsel Sher has raised arguments that BHS has not established the requisite basis under CPLR 510 (3) to change venue to Erie County, and/or that BHS was forum shopping when it preemptively commenced its action in Erie County. Those same arguments can be raised against Quatro based upon its filing in Monroe County six days after the Erie County action was commenced, and request to remove and consolidate the Erie action with this action. Joseph F. Burkart IV, the owner of Quatro Consulting, admits in his affidavit that although he works from his home in Fairport, he traveled to BHS’s offices in Buffalo “no more than twice a week on average,” and also “traveled extensively throughout New York State.” He has not established where other witnesses are located nor any difficulty in traveling to Erie County regarding this litigation.
BHS in response has submitted similar information as to the convenience of the Erie County Court for them. Neither party has tipped the balance as to the necessity of one court over the other. Since both courts are equally availing and neither side has established a necessity in one court over the other, this *620 court will make the determination based upon the case filed first-in-time which is the Erie County action.
Accordingly, pursuant to CPLR 3211 (a) (4) this matter is dismissed upon successful consolidation with the Erie County action.