Quinones v Z & B Trucking, Inc. (2023 NY Slip Op 05282)

Quinones v Z & B Trucking, Inc.

2023 NY Slip Op 05282

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-07513 
2022-01205
 (Index No. 704734/21)

[*1]Emilie Ann Quinones, appellant, 
v
Z & B Trucking, Inc., et al., respondents.

Bradford Cooke, Corona, NY, for appellant.
Smith Mazure, P.C., New York, NY (Joel M. Simon of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Donna-Marie E. Golia, J.), entered September 17, 2021, and (2) an order of the same court (Allan B. Weiss, J.) entered February 18, 2022. The order entered September 17, 2021, granted the defendants' motion pursuant to CPLR 3211(a)(4) to dismiss the complaint, and denied the plaintiff's cross-motion, inter alia, for leave to enter a default judgment. The order entered February 18, 2022, denied the plaintiff's motion for leave to reargue and renew her opposition to the defendants' motion pursuant to CPLR 3211(a)(4) to dismiss the complaint or, in effect, to vacate so much of the order entered September 17, 2021, as granted the defendants' motion.
ORDERED that the order entered September 17, 2021, is modified, on the law, by deleting the provision thereof granting the defendants' motion pursuant to CPLR 3211(a)(4) to dismiss the complaint, and substituting therefor a provision denying the motion; as so modified, the order entered September 17, 2021, is affirmed, without costs or disbursements; and it is further,
ORDERED that the appeal from so much of the order entered February 18, 2022, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from so much of the order entered February 18, 2022, as denied those branches of the plaintiff's motion which were for leave to renew her opposition to the defendants' motion pursuant to CPLR 3211(a)(4) to dismiss the complaint or, in effect, to vacate so much of the order entered September 17, 2021, as granted the defendants' motion is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order entered September 17, 2021.
On or about October 25, 2019, the plaintiff commenced an action, inter alia, to recover damages for personal injuries she allegedly sustained in a motor vehicle accident that occurred on March 20, 2018 (hereinafter the prior action). The complaint in the prior action was never served on the defendants. On or about March 2, 2021, the plaintiff commenced this action, which is essentially identical to the prior action.
The defendants moved pursuant to CPLR 3211(a)(4) to dismiss the complaint in this action on the ground that the prior action was identical and precluded this action. The plaintiff opposed the motion and cross-moved, inter alia, for leave to enter a default judgment, arguing, among other things, that the prior action was a "nullity" because she never served a complaint.
By order entered September 17, 2021, the Supreme Court granted the defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals.
CPLR 3211(a)(4) provides that "[a] party may move for judgment dismissing one or more causes of action asserted against [them] on the ground that . . . there is another action pending between the same parties for the same cause of action in a court of any state or the United States." However, a complaint must have been served in that other action, otherwise it is not "another action," or a "prior action pending" (Graev v Graev , 219 AD2d 535, 535 [internal quotation marks omitted]) within the meaning of CPLR 3211(a)(4) (see Wharton v Wharton , 244 AD2d 404, 404; Graev v Graev , 219 AD2d at 535; Sotirakis v United Servs. Auto. Assn. , 100 AD2d 931, 931). Here, it is undisputed that the complaint in the prior action was not served. Accordingly, the Supreme Court should have denied the defendants' motion pursuant to CPLR 3211(a)(4) to dismiss the complaint.
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court