## (August 25, 1982)

■ CITY OF NEW ROCHELLE, Respondent, v AMERICAN FIDELITY FIRE INSURANCE COMPANY, Appellant. (Action No. 1.) VERNON ART STONE CO., INC., Appellant, v HANLEY COMPANY, INC., Respondent, and AMERICAN FIDELITY FIRE INSURANCE COMPANY, Additional Defendant and Cross-Claim Appellant. (Action No. 2.) — In an action on a performance bond, the appeal is from so much of an order of the Supreme Court, Westchester County (Cerrato, J.), entered December 21, 1981, as denied the motion of American Fidelity Fire Insurance Company to consolidate this action with another action pending in the Supreme Court, New York County. Order reversed insofar as appealed from, with one bill of $50 costs and disbursements, and motion granted to the extent of transferring Action No. 2, now pending in New York County, to Westchester County and directing that there be a joint trial of both actions in Westchester County. The City of New Rochelle (the city) and Vernon Art Stone Co., Inc. (Vernon), entered into a contract for the construction by Vernon of the New Rochelle Public Library. Vernon subcontracted with Hanley Company, Inc. (Hanley), to supply Vernon with duramic tiles to be utilized in the construction. American Fidelity Fire Insurance Company (Fidelity) was the surety on Vernon's performance bond. In Action No. 1, commenced in the Supreme Court, Westchester County, in February, 1979, the city sued Fidelity as surety for damages by reason of Vernon's failure to perform. In Action No. 2, commenced in the Supreme Court, New York County, in June, 1978, Vernon sued Hanley for breach of contract, alleging that the delivery of the tiles was untimely and that they were defective. Hanley cross-claimed against Fidelity, as Vernon's surety, alleging nonpayment for the goods delivered to Vernon. Fidelity moved in Westchester County to consolidate Action No. 2, which is pending in New York County, with Action No. 1, which is pending in Westchester County. Special Term denied the motion. In our view, under the facts and circumstances of this case, a joint trial would be in keeping with the interests of the parties and the efficacy of the judicial process. There is one common defendant and there are common issues of fact that can be best resolved at a joint trial (see *Barnet Weinstein & Sons v Dic Concrete Corp.,* 29 AD2d 683, mod 29 AD2d 879; *County of Sullivan v Nezelek, Inc.,* 42 NY2d 123). A joint trial would eliminate the necessary duplication that would otherwise occur in this case. Furthermore, the parties opposing the motion have failed to demonstrate that a substantial right will be prejudiced by a joint trial. Since

there are different parties plaintiff whose respective claims may require separate verdicts, we deem a joint trial vis-à-vis consolidation to be more appropriate (see *Padilla v Greyhound Lines,* 29 AD2d 495). O'Connor, J. P., Bracken, Niehoff and Boyers, JJ., concur.