■ BELLOMO LEASING CORP., Plaintiff, v ARTHUR P. FROST et al., Defendants. (Action No. 1.) ARTHUR P. FROST et al., Respondents, v CESSNA AIRCRAFT COMPANY, Defendant, and BELLOMO LEASING CORP., Appellant. (Action No. 2.) — Appeal from so much of an order of the Supreme Court at Special Term (Dier, J.), entered February 23, 1982 in Essex County, as granted the cross motion of plaintiffs Frost in Action No. 2 to fix the venue of the consolidated actions in Kings County. Action No. 2 was commenced in May, 1980 in Kings County against the manufacturer and the lessor of an airplane to recover damages for personal injuries sustained by the occupants resulting from a crash during take off from an airport in Essex County. About one and one-half years later, on December 1, 1981, Action No. 1, venued in Essex County, was commenced by the lessor of the plane against two of the plaintiffs in Action No. 2 seeking recovery of property damage to the airplane. Special Term granted a motion by Bellomo Leasing Corp., the lessor (plaintiff in Action No. 1, and codefendant in Action No. 2) to the extent of consolidating the actions, and granted the cross motion by the Frosts (defendants in Action No. 1 and plaintiffs in Action No. 2) to fix the venue of the consolidated actions in Kings County. Bellomo has appealed from that portion of the single order which fixed

venue in Kings County. The order should be affirmed. It is clear that venue in Action No. 2 was properly placed in Kings County, that being plaintiffs' residence (CPLR 503, subd [a]; 509), while plaintiff in Action No. 1 was free to lay venue where the transitory cause of action arose. Further, either Bellomo or its codefendant Cessna Aircraft Company could have, but did not, move pursuant to CPLR 511 in Action No. 2 to change venue under CPLR 510 (subd 3). Rather, Bellomo commenced Action No. 1 and immediately moved to consolidate pursuant to CPLR 602. The use of the permissive word "may" in connection with each of the powers given the court in CPLR 602 clearly manifests the legislative intent that all determinations to be made are purely discretionary. Accordingly, since both the motion and cross motion were addressed to the sound discretion of Special Term, the order will not be disturbed on appeal unless it is clearly shown that there has been an abuse of that discretion (*Blasch v Chrysler Motors Corp.*, 84 AD2d 894). In our view, given the fact that the venue of Kings County in Action No. 2 was proper, the quantum of proof is inadequate to prove the special circumstances that would compel the designation of Essex County as the place for the consolidated trial (*Newell v Niagara Mohawk Power Corp.*, 52 AD2d 664). We find no clear showing that Special Term abused its discretion. Order affirmed, with costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.