■ PHILLIP B. INGLE, Respondent, v GLAMORE MOTOR SALES, INC., et al., Appellants. (Action No. 1.) PHILLIP B. INGLE, Respondent, v JAMES H. GLAMORE et al., Appellants. (Action No. 2.) — In two actions, *inter alia,* to recover damages for breach of contract, defendants in each action appeal from an order of the Supreme Court, Suffolk County (Orgera, J.), dated August 23, 1984, which denied those branches of their motions that sought dismissal of the second cause of action in action No. 1 and the third, fourth and fifth causes of action in action No. 2, and granted that branch of the motions to consolidate the actions only to the extent that they be tried jointly.

Order modified, on the law, by granting those branches of defendants' motions as sought dismissal of the second cause of action in action No. 1 and the third and fourth causes of action in action No. 2. As so modified, order affirmed, with costs to defendants.

On April 8, 1966, plaintiff Phillip B. Ingle, defendant James H. Glamore (the sole stockholder of defendant corporation) and the corporation entered into an agreement whereby plaintiff, the corporation's general manager, was to purchase 22 of the 100 outstanding shares of the corporation's common stock. The agreement also made plaintiff a director and secretary of the corporation and gave him the option to purchase 18 additional shares of the corporation's stock. The agreement provided that "In the event that INGLE shall cease to be an employee of the corporation for any reason [James H. Glamore] shall have the option, for a period of 30 days after such termination of employment, to purchase all of the shares of stock then owned by INGLE".

Pursuant to the terms of the 1966 agreement, plaintiff purchased an additional 18 shares of stock. An agreement was *drawn* up in 1973 reflecting the change in circumstances by acknowledging that plaintiff then owned 40 of the 100 outstanding shares of stock. The repurchase provision in the 1973 agreement was identical to that of the 1966 agreement.

On January 1, 1982, the corporation issued 60 more shares of stock. James H. Glamore purchased 22 shares and his two sons (defendants William B. Glamore and Robert L. Glamore) purchased 19 shares each. An agreement dated January 1, 1982 between plaintiff, James H. Glamore, William G. Glamore, Robert L. Glamore and the corporation, reflected that change. The repurchase provision was modified to provide that "In the event that any Stockholder shall cease to be an employee of the corporation for any reason [James H. Glamore] shall have the option, for a period of 30 days after such termination of employment, to purchase all of the shares of stock then owned by such stockholder".

On May 9, 1983, a special meeting of the board of directors of the corporation was held, and plaintiff's employment with the corporation was terminated. On June 1, 1983, James H. Glamore notified plaintiff that he was exercising his option to purchase all of plaintiff's stock. Thereafter, plaintiff instituted the instant two actions. At issue on this appeal are the second cause of action in action No. 1 and the third, fourth and fifth causes of action in action No. 2. Each of these causes of action alleges, basically, that the 1982 agreement was breached because plaintiff's employment was terminated for the wrongful purpose of triggering James H. Glamore's option to purchase plaintiff's stock.

As defendants point out, plaintiff's complaints are based on his belief that the contract either implies or should be interpreted to mean that Glamore had the option to repurchase the shares if plaintiff's employment shall cease for any reason, "except that Glamore shall have no option to repurchase the shares if the corporation discharges the Stockholder from his employment without good cause". That interpretation of the contract is contradictory to the clear intention of the parties as ascertained from the face of the agreement. "It is fundamental that courts enforce contracts and do not rewrite them * * * 'The courts may not by construction add or excise terms, nor distort the meaning of those used and thereby "make a new contract for the parties under the guise of interpreting the writing"'" (*Schmidt v Magnetic Head Corp.*, 97 AD2d 151, 157, quoting *Morlee Sales Corp. v Manufacturers Trust Co.*, 9 NY2d 16, 19). So, even though plaintiff alleges that he was not fired for good cause, his remedy, if any, lies in his causes of action to recover damages for breach of and wrongful interference with contract. Glamore's option under the agreement is not affected. Thus, those branches of defendants' motions that sought dismissal of the second cause of action in action No. 1 and the third and fourth causes of action in action No. 2 are granted.

An order directing a joint trial is within the discretion of Special Term and will not lightly be disturbed (*Matco Elec. Co. v Beacon Constr. Co.,* 52 AD2d 1084, 1085). The two actions here involve common issues of law and fact and we refuse to disturb Special Term's determination that there should be a joint trial, rather than a consolidation. Mollen, P. J., Niehoff, Rubin and Lawrence, JJ., concur.