■ JOHN L. WOODS, Respondent, v COUNTY OF WESTCHESTER, Appellant. (Action No. 1.) JOHN L. WOODS, Respondent, v CLUB TRANSPORTATION CORPORATION et al., Appellants. (Action No. 2.)—In related negligence actions to recover damages for personal injuries, etc., the appeal is from an order of the Supreme Court, Westchester County (Delaney, J.), entered October 9, 1984, which denied a motion for consolidation pursuant to CPLR 602.

Order affirmed, without costs or disbursements.

The instant actions arise out of an automobile accident which occurred in The Bronx between the plaintiff, a resident of The Bronx, and a bus operated by defendants Club Transportation and Liberty Lines Transit, Inc. Plaintiff subsequently instituted a negligence action in The Bronx against the operators of the bus, and shortly thereafter learned that the bus in question was allegedly owned by Westchester

County and leased to defendants Club Transportation and Liberty Lines Transit, Inc. Plaintiff obtained leave to serve and file a late notice of claim against Westchester County, and subsequently instituted an action against the county in connection with the accident. Venue of the second action which was laid in Westchester County pursuant to CPLR 504 (1), which provides, *inter alia,* that the venue for actions against a county is "in such county".

In the interim, defendants in the Bronx County action moved to change the venue of that action to Westchester County, but the Supreme Court, Bronx County (Callahan, J.), denied the motion stating, *inter alia,* that "[s]ince plaintiff resides in Bronx County, venue was properly placed. C.P.L.R. 504 (1) is inapplicable. Moreover, the accident occurred in Bronx County. Defendants have failed to demonstrate the convenience of the parties and witnesses and the interests of justice would be best served by changing the place of trial."

Thereafter, defendants in both actions moved jointly in the Supreme Court, Westchester County, for an order consolidating the two actions and ordering a joint trial of the consolidated action in Westchester County. Special Term (Delaney, J.) denied defendants' motion and this appeal followed. Based on the facts of this case an affirmance is necessary.

CPLR 602 (a), governing the consolidation of actions generally, provides that: "When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

When two actions are pending in the Supreme Court in different counties, the motion to consolidate may be made in either county (Siegel, NY Prac § 128, at 159), and in the order consolidating the two actions, the court must necessarily fix the venue of the consolidated action. In deciding the venue issue, the court, in its sound discretion, must consider a number of factors, including the county where the cause of action arose and where the parties and witnesses are located (*Perinton Assoc. v Heicklen Farms,* 67 AD2d 832; Siegel, NY Prac § 128; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C602:4, p 183).

In the instant case, given the fact that Westchester County is the defendant in one of the two actions and that, therefore, venue in that action must remain in Westchester County, the

only available venue for a consolidated action would be Westchester County (*see,* CPLR 504 [1]). Under the circumstances, however, neither the convenience of the parties nor the interest of justice would warrant a change in venue to such county. The accident occurred in The Bronx, and both the plaintiff and the witnesses reside in that county. Thus, while the two actions involve common issues of law and fact, consolidation of the actions is not warranted. Mollen, P. J., Bracken, Rubin and Niehoff, JJ., concur.