■ KRISTIN CALLAHAN, an Infant, by SUSAN CALLAHAN et al., Her Parents and Natural Guardians, et al., Respondents, v CORTLAND MEMORIAL HOSPITAL et al., Appellants.—Harvey, J. Appeal from an order of the Supreme Court (Cholakis, J.), entered February 20, 1986 in Rensselaer County, which set venue in Rensselaer County.

The alleged medical malpractice which forms the basis for this action occurred at defendant Cortland Memorial Hospital in Cortland County. At the time the alleged culpable conduct occurred, plaintiffs resided in Cortland County and defendant doctors practiced in Cortland County. Plaintiffs subsequently moved to Rensselaer County and commenced this action in that county. Defendants made a motion pursuant to CPLR 510 (3) to change venue from Rensselaer County to Cortland County. Plaintiffs cross-moved to retain venue in Rensselaer County. Supreme Court denied defendants' motion and granted plaintiffs' cross motion, thus setting venue in Rensselaer County. Defendants appealed.

A motion to change venue may be granted where "the convenience of material witnesses and the ends of justice will be promoted by the change" (CPLR 510 [3]). Among the factors generally weighed in considering a motion to change venue are the convenience of the nonparty witnesses, the place where the cause of action arose (in a transitory action), and the calendar conditions of the counties (see, Varone v Memoli, 121 AD2d 213; A.M.I. Intl. v Gary Pool Sales & Serv., 94 AD2d 890; Greentree Publ. Co. v Oneida Dispatch Corp., 59 AD2d 711). Other factors which tend to promote the interest of justice may, of course, be properly considered (see, 2 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 510.15-510.25).

Here, the alleged malpractice occurred in Cortland County and defendant doctors practice in Cortland County. Further, defendant hospital, where the alleged negligence occurred, is in Cortland County and thus the pertinent medical records are also located there. Although plaintiffs have listed witnesses they plan to call who reside in Rensselaer County, their testimony is either immaterial or cumulative. Trial of the matter would be expedited by setting venue in rural Cortland County. It is evident that as a matter of practical convenience

to the court, it would be prudent to conduct the trial in Cortland County where all four doctors can be present to testify upon very short notice. This is particularly true here, where there are very few obstetricians/gynecologists in Cortland County, thus making impractical the presence of all four doctors in Rensselaer County at the same time. Upon consideration of the above factors, it is clear that trial of the matter will be expedited and the least amount of inconvenience suffered if this medical malpractice action is tried in the county where the alleged negligence occurred.

We further note that plaintiffs have returned to reside in Cortland County and the infant plaintiff is being treated there. These actions apparently occurred after the motion for change of venue was heard by Supreme Court. While this court rarely considers matters not in the record, notice of these undenied facts is relevant in the limited situation at bar where the events occurred after the motion was decided and are relevant in our administrative determination in the interest of justice.

Order reversed, on the facts, without costs, motion granted and venue set in Cortland County. Mahoney, P. J., Main, Mikoll, Levine and Harvey, JJ., concur.