■ ANDREW MITCHEL, Plaintiff, v DANIEL THACKER, Defendants. (And Three Other Actions.) THEODORA CANARAS, Individually and as Executrix of GEORGE CANARAS, Deceased, Appellant, v DANIEL THACKER et al., Respondents.—In four actions to recover damages for personal injuries, wrongful death and property damage, the plaintiff in action No. 3, Theodora Canaras, appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated August 8, 1988, as granted the motion of Koch Carbonic Inc., a defendant in all four actions, for consolidation, only to the extent of ordering a joint trial of action No. 1, pending in the Supreme Court, Queens County, with actions Nos. 2, 3 and 4, pending in the Supreme Court, New York County, and placing venue of the actions in Queens County.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

Although the defendant Koch Carbonic Inc. initially moved for consolidation, the court properly ordered that these actions be tried jointly *(see, Ingle v Glamore Motor Sales,* 111 AD2d 746, 748; *City of New Rochelle v American Fid. Fire Ins. Co.,* 89 AD2d 917, 918). The record shows that all four actions arose out of a multivehicle accident that occurred on July 7, 1986 at the intersection of West 89th Street and West End Avenue in Manhattan.

Moreover, once having joined the actions for trial, the court was required to fix the venue for the joint trial *(see, Woods v County of Westchester,* 112 AD2d 1037, 1038). In this regard, the general rule for determining the venue of actions which have been joined for trial, where the actions have been commenced in different counties, is that absent special circumstances, venue should be placed in the county where the first action was commenced *(see, Strasser v Neuringer,* 137 AD2d 750, 751; *Woods v County of Westchester, supra).* We fail to perceive any circumstances herein which would require a departure from the general rule *(see, Maciejko v Jarvis,* 99 AD2d 799), and, therefore, the court properly placed venue in Queens County.

We find that the plaintiff's remaining contentions are either unpreserved for appellate review *(see, Mastronardi v Mitchell,* 109 AD2d 825, 828) or without merit. Sullivan, J. P., Harwood, Balletta and Miller, JJ., concur.