■ APRIL A. USHER et al., Respondents, v JOHN DEAN et al., Respondents. (Action No. 1.) EVELYN BLAND, Appellant, v HI-TECH COMBUSTION, INC., et al., Respondents. (Action No. 2.)— Kane, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered October 6, 1989 in Dutchess County, which, *inter alia,* granted a motion to change venue of action No. 2 from Bronx County to Dutchess County.

Two lawsuits underlie this appeal, both stemming from an automobile accident occurring in the Town of Pawling, Dutchess County, in June 1987. Evelyn Bland, plaintiff in action No. 2, was a passenger in a vehicle operated by defendant John Dean and owned by defendant Hi-Tech Combustion, Inc. April Ann Usher, plaintiff in action No. 1, was the owner and operator of the other vehicle involved in the accident. Bland commenced action No. 2 against Dean, Hi-Tech and Usher in Supreme Court, Bronx County. Usher, along with her husband, then commenced action No. 1 against Dean and Hi-Tech in Dutchess County. Dean and Hi-Tech then moved for consolidation of the actions for trial in Supreme Court, Dutchess County. Only the Ushers responded, opposing that part of the motion that sought consolidation and arguing instead in favor of a joint trial. Supreme Court ordered action No. 2 to be removed to Dutchess County for a joint trial. Bland now appeals.

We affirm. Bland's sole contention on appeal is that Supreme Court improperly removed the action she commenced from Bronx County to Dutchess County. The gravamen of Bland's argument is that hers was the first action commenced, and the opposing parties have failed to sufficiently prove the special circumstances needed to deviate from the general rule that venue for a joint trial should be placed in the county

where the first action was instituted. In disagreeing with Bland, we initially note that absent a clear abuse of discretion, determinations made by Supreme Court regarding venue shall not be disturbed *(see, Bellomo Leasing Corp. v Frost,* 90 AD2d 909, 910). Although, as Bland correctly argues, the general rule would require venue for the joint trial herein to be placed in Bronx County, where the first action was commenced *(see, Mitchel v Thacker,* 159 AD2d 701; *Strasser v Neuringer,* 137 AD2d 750, 751), it is our view that special circumstances existed to support Supreme Court's use of discretion in placing venue in Dutchess County *(see, Perinton Assocs. v Heicklen Farms,* 67 AD2d 832). The accident occurred in Dutchess County and the police officers who arrived at the scene, as well as the police reports generated from the accident, are located there. Given these facts and based on our review of the record, we cannot say that Supreme Court abused its discretion.

Order affirmed, with costs. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.