■ PEARLETTA BROOKS, Respondent, v SAMUEL J. LEFRAK, Doing Business as SHALIMAR LEASING Co., et al., Appellants, et al., Defendant. SAMUEL J. LEFRAK et al., Third-Party Plaintiffs-Appellants, v CATHOLIC CHILD CARE SOCIETY OF THE DIOCESE OF BROOKLYN et al., Third-Party Defendants-Respondents. SAMUEL J. LEFRAK et al., Second Third-Party Plaintiffs-Appellants, v ARMOR ELEVATOR COMPANY, INC., Second Third-Party Defendant-Respondent. (And Three Other Actions.)—Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered December 26, 1991, directing a joint trial of the five captioned actions in Bronx County, unanimously affirmed, without costs.

Motions to consolidate pursuant to CPLR 602 (a) are addressed to the sound discretion of the court, "subject to the general rule that, in the absence of special circumstances, where the actions have been commenced in different counties venue should be placed in the county having jurisdiction over the action first commenced" *(T T Enters. v Gralnick,* 127 AD2d 651, 652). Movant's showing with respect to the convenience of witnesses was insufficient to overcome this general rule. The convenience of the parties and their employees is not to be considered *(Coles v LaGuardia Med. Group,* 161 AD2d 166), and it is hardly an inconvenience to require a witness to travel from Queens to the Bronx, a bus or subway ride away *(see, Rodriguez v Ryder Truck Rental,* 100 AD2d 811). Concur—Murphy, P. J., Carro, Rosenberger and Ellerin, JJ.

■ KHEDOURI EZAIR CORP., Respondent, v WIESTAWA U. KOSATKA, Appellant.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered August 2, 1991, which, *inter alia,* confirmed the report of the Special Referee, unanimously affirmed, without costs.

In this ejectment action, defendant, who is indigent, argues that she had a right to assigned counsel. No right to counsel for indigent tenants facing eviction has, however, been established *(see, Donaldson v State of New York,* 156 AD2d 290, *lv denied and dismissed* 75 NY2d 1003). To the extent review is possible, the parties having waived transcription of the minutes of the hearing before the Special Referee *(see, Suda v Suda,* 178 AD2d 194), we find that defendant was given a full and fair opportunity to present her case, and that the findings made by the Special Referee are supported by the record. Concur—Carro, J. P., Wallach, Ross and Asch, JJ.