■ JAMES McCALL, Appellant, v LEOPOLD BERMAN et al., Defendants, and JOHN T. ROBERTS, Respondent. (Action No. 1.) JAMES McCALL, Appellant, v BELMONT COMMUNITY DAY CARE CENTER, INC., et al., Respondents, et al., Defendant. (Action No. 2.) [608 NYS2d 297] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Burrows, J.), entered December 23, 1991, as granted the defendant John T. Roberts' motion for a change of venue from Bronx County to Westchester County.

Ordered that the order is affirmed insofar as appealed from, with costs.

While it has often been stated that, generally, the venue of a consolidated action should be placed in the county where the first action was commenced *(see, Mitchel v Thacker,* 159 AD2d 701), that rule is not inflexible. "[T]he court, in its sound discretion, must consider a number of factors, including the county where cause of action arose and where the parties and witnesses are located" *(Woods v County of Westchester,* 112 AD2d 1037, 1038; *see also, Strasser v Neuringer,* 137 AD2d 750). Accordingly, an order determining venue generally will not be disturbed unless it has been clearly shown that there has been an improvident exercise of discretion *(see, Bellomo Leasing Corp. v Frost,* 90 AD2d 909).

Upon our review of the record in this case, we can find no basis for disturbing the court's exercise of discretion in selecting Westchester County as the place of trial. The plaintiff is a resident of New Jersey and the defendant Roberts is a resident of Westchester County. There are no nonparty witnesses residing in the Bronx, and the only parties who do reside in the Bronx, the defendant Belmont Community Day Care Center, Inc., and the defendant Belmont Community Center, Inc., do not object to placing venue in Westchester County. Moreover, venue for a transitory action is often placed in the county where the accident occurred *(see, e.g., Creed v United Hosp.,* 158 AD2d 654), in this case the Bronx. However, since the accident at bar occurred over 20 years ago, there is no compelling reason to adhere to the general rule. Accordingly, it was not an improvident exercise of discretion to place venue of this consolidated action in Westchester County. Balletta, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.