■ RECKSON ASSOCIATES REALTY CORP., Respondent, v BLASLAND, BOUCK & LEE, INC., Appellant. (Index No. 95-12837; Ac-

tion No 1.) BLASLAND, BOUCK & LEE, INC., Appellant, v RECKSON ASSOCIATES et al., Respondents. (Index No. 95-02682; Action No. 2.) [645 NYS2d 873] —In two related actions, *inter alia,* to recover damages for breach of contract Blasland, Bouck & Lee, Inc. appeals from an order of the Supreme Court, Suffolk County (Lama, J.), dated November 1, 1995, which (1) granted the motion of Reckson Associates Realty Corp. to consolidate the action pending in the Supreme Court, Suffolk County, under Index No. 95-12837 with the action pending in the Supreme Court, Onondaga County, under Index No. 95-02682, to the extent of ordering a joint trial in Suffolk County, and (2) denied its cross motion pursuant to CPLR 3211 (a) (4) to dismiss the complaint in the Suffolk County action or to consolidate the action, and place venue in Onondaga County.

Ordered that the order is affirmed, with costs.

The subject of this appeal is a contract, entered into on June 28, 1994, pursuant to which the appellant, Blasland, Bouck & Lee, Inc., was to provide certain environmental consulting services for the predecessor in interest of Reckson Associates Realty Corp., i.e., Reckson Associates. A dispute arose under the contract, and the parties engaged for a period of time in settlement negotiations.

When the settlement negotiations failed, the Reckson Associates Realty Corp. (hereinafter Reckson Realty) filed a summons and complaint in the Supreme Court, Suffolk County, against the appellant, claiming, among other things, a breach of contract. On the following day, the appellant filed a similar complaint against the Reckson Realty and Reckson Associates in the Supreme Court, Onondaga County. Both complaints were served thereafter on the Secretary of State, but it is undisputed that the Onondaga County complaint was served first.

Reckson Realty moved in the Supreme Court, Suffolk County, to consolidate the two actions and to place venue for a consolidated trial in Suffolk County. The appellant cross-moved for dismissal of the Suffolk County complaint under CPLR 3211 (a) (4) or, in the alternative, to consolidate the action and place venue in Onondaga County. By order dated November 1, 1995, the Supreme Court, Suffolk County, denied the appellant's cross motion to dismiss and granted the Reckson Realty's motion, consolidating the actions to the extent of ordering a joint trial placing venue in Suffolk County. We affirm.

CPLR 3211 (a) (4) provides that a party may move for a judgment dismissing a cause of action if "there is another action pending between the same parties for the same cause of action

in a court of any state or the United States; the court need not dismiss upon this ground but may make such order as justice requires".

The general rule is that, in order to sustain a claim that another action is pending for purposes of CPLR 3211 (a) (4), the movant must establish that the other action was commenced first *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:14, at 24). An action is commenced when the summons and complaint are filed *(see,* CPLR 304). In the instant case, there is no dispute that the Suffolk County summons and complaint were filed first, albeit only a day before the filing of the Onondaga County summons and complaint. The court therefore did not err in refusing to dismiss the Suffolk County complaint.

Moreover, consolidated actions are generally tried where the first action was commenced, although the placement of venue rests in the sound discretion of the motion court *(see,* CPLR 602; *Strasser v Neuringer,* 137 AD2d 750, 751). An order determining venue, therefore, will not be disturbed in the absence of a showing that the motion court improvidently exercised its discretion *(see, McCall v Berman,* 201 AD2d 709).

The contract at issue was executed in Suffolk County; all of the properties involved in the contract were located in Nassau or Suffolk County; and the appellant's employees, who signed the contract (and therefore were presumably responsible for its performance), were based in Suffolk County. Accordingly, we can find no basis for disturbing the Supreme Court's exercise of discretion in selecting Suffolk County as the place of trial. Thompson, J. P., Joy, Krausman and Florio, JJ., concur.