(November 12, 1996)

■ SAFWAT ALMOGHAZY, Plaintiff, v RAMON GONZALEZ et al., Defendants, and COMMON BROTHERS, INC., Also Known as CARMINE BROS., INC., Appellant. (Action No. 1.) ETHEL GRIFFIN, Plaintiff, v COMMON BROTHERS, INC., et al., Defendants. (Action No. 2.) [650 NYS2d 251] —In two related actions to recover damages for personal injuries allegedly sustained in a motor vehicle accident, Common Brothers, Inc. a/k/a Carmine Bros., Inc., a defendant in both actions, appeals from so much of an order of the Supreme Court, Kings County (Held, J.), dated November 13, 1995, as, upon granting that branch of its motion which was for a joint trial of the action, failed to grant that branch of the motion which was to transfer venue of Action No. 1 to New York County.

Ordered that the order is modified, on the law, by adding thereto a provision granting that branch of the appellant's motion which was to transfer venue of Action No. 1 to New York County; as so modified the order is affirmed, without costs or disbursements; and it is further,

Ordered that the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, New York County, all papers filed in Action No. 1 and certified copies of all minutes and entries (see, CPLR 511 [d]).

While a motion to place venue for joint trials is directed to the Supreme Court's discretion, the general rule is that, in the absence of proof of circumstances compelling trial elsewhere, venue should be fixed in the county which has jurisdiction of the action first commenced (see, Strasser v Neuringer, 137 AD2d 750; T T Enters. v Gralnick, 127 AD2d 651; Leung v Sell, 115 AD2d 929). The record reveals that both actions arose out of a three-car accident that occurred on July 27, 1993, on the FDR Drive in Manhattan. The plaintiff in Action No. 2 was the first to commence an action in New York County where she resides. Although the Supreme Court, Kings County, properly ordered that these two actions be tried jointly it failed to grant that branch of the unopposed motion of the defendant Common Brothers, Inc., which was to fix venue in New York County. All of the other parties in Actions No. 1 and No. 2 are residents of counties separate and distinct from each other. We fail to perceive any circumstances herein which would require a departure from the general rule (see, Mitchel v Thacker, 159 AD2d 701). Thus, it was an improvident exercise of the Supreme Court's discretion to fail to grant that branch of the motion which was to place venue of the joint trials in New York County. Mangano, P. J., O'Brien, Pizzuto, Goldstein and Luciano, JJ., concur.