■ GOVERNMENT EMPLOYEES INSURANCE COMPANY, as Subrogee of ISIDORE HELD, et al., Plaintiff, v UNIROYAL GOODRICH TIRE COMPANY et al., Defendants. (Action No. 1.) PAUL SCHIFFMAN, as Executor of EVELYN HELD, and Another, Deceased, Respondent, v UNIROYAL GOODRICH TIRE COMPANY, Appellant, et al., Defendants. (Action No. 2.) [661 NYS2d 847] —Mikoll, J. P. Appeals (1) from an order of the Supreme Court (Rose, J.), entered September 25, 1996 in Broome County, which, *inter alia*, denied defendant Uniroyal Goodrich Tire Company's motion to change venue of action No. 2 from Monroe County to Broome County, and (2) from an order of said court, entered January 6, 1997 in Broome County, which, *inter alia*, denied defendant Uniroyal Goodrich Tire Company's motion for reconsideration.

This matter arose out of an accident which occurred on Interstate Route 81 in the Town of Whitney, Broome County, when a tire on an automobile driven by Isidore Held blew out or rapidly deflated, causing the Held vehicle to leave the highway and collide with a tree, resulting in the death of both Held and his wife.

In July 1994 action No. 2 was commenced by plaintiff Paul

Schiffman, the executor of the Helds' estates, in Monroe County, where Schiffman resided, seeking recovery under the theories of products liability, negligence and wrongful death. Eleven months later, action No. 1, a subrogation claim, was commenced by plaintiff Government Employees Insurance Company (hereinafter GEICO), the Helds' automobile insurance carrier, in Monroe County against the same defendants as in action No. 2, seeking damages for claims paid by GEICO under the Helds' insurance policy. After issue was joined, GEICO consented to change venue in action No. 1 to Broome County. Thereafter, defendant Uniroyal Goodrich Tire Company moved pursuant to CPLR 602 to remove action No. 2 from Monroe County to Broome County to be consolidated with action No. 1. Schiffman cross-moved to, *inter alia*, consolidate the actions and set venue in Monroe County.

We note initially that these two actions were properly consolidated in that they involve common questions of law and fact (*see*, CPLR 602 [a]). Motions to consolidate pursuant to CPLR 602 (a) are addressed to the sound discretion of the trial court. In the absence of special circumstances, where actions have been commenced in different counties venue should be placed in the county having jurisdiction over the action first commenced (*see*, *Brooks v Lefrak*, 188 AD2d 360; *T T Enters. v Gralnick*, 127 AD2d 651, 652; *see also*, *Magee v Hutcher*, 174 AD2d 941). The instant matter presents special circumstances which Supreme Court did not assess appropriately.

The case relates to an accident occurring in Broome County. The only eyewitnesses to the accident reside in Broome County and virtually all of the emergency workers at the scene of the accident, whom Uniroyal intends to call to testify as to their observations, are located in Broome County. Under these circumstances we find that Uniroyal's submissions adequately demonstrated that trial in Monroe County would seriously inconvenience the majority of these witnesses, most notably the eyewitnesses. In our view, the weight of these factors compel us to conclude that Supreme Court should have deviated from the general rule and that it abused its discretion when it denied Uniroyal's motion to venue the consolidated actions in Broome County (*see*, *Troy Sav. Bank v American Equity Funding*, 120 AD2d 828; *see also*, *Usher v Dean*, 163 AD2d 784).

Crew III, White, Casey and Spain, JJ., concur. Ordered that the order entered September 25, 1996 is modified, on the law, without costs, by reversing so much thereof as denied defendant Uniroyal Goodrich Tire Company's motion to set venue of the consolidated action in Broome County; motion granted to

that extent, venue in the consolidated actions is placed in Broome County and that part of the cross motion of plaintiff Paul Schiffman to set venue in Monroe County is denied; and, as so modified, affirmed. Ordered that the appeal from order entered January 6, 1997 is dismissed.