■ MARTIN GONZALEZ et al., Appellants, v JIAN MING ZHOU, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. ERNESTO A. VALENCIA et al., Third-Party Defendants, and HUNAN GARDEN RESTAURANT et al., Third-Party Defendants-Respondents. (Action No. 1.) ANGEL GONZALEZ, Plaintiff, v JIAN MING ZHOU, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. ERNESTO A. VALENCIA et al., Third-Party Defendants, and HUNAN GARDEN RESTAURANT et al., Third-Party Defendants-Respondents. (Action No. 2.) JOSE CORREA, Plaintiff, v ERNESTO A. VALENCIA et al., Defendants, and HUNAN GARDEN RESTAURANT et al., Respondents. (Action No. 3.) LUCIA L. VELASCO, Plaintiff, v Z.Q. ZHENG et al., Respondents, et al., Defendants. (Action No. 4.) ALONSO FLOR, Plaintiff, v ZI Q. ZHENG et al., Respondents, et al., Defendants. (Action No. 5.) [705 NYS2d 262] —In five related actions to recover damages for personal injuries which were joined for trial, the plaintiffs in Action No. 1 appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated January 19, 1999, as (a) denied their motion for leave to file a certificate of readiness and to place Action No. 1 on the trial calendar, and (b) granted those branches of the motion of Jian Ming Zhou, a defendant in Action Nos. 1, 2, 3, and 4, and the cross motion of Hunan Garden Restaurant, Haiden Hunan, and Zi Q. Zhen, defendants or third-party defendants in Action Nos. 1, 2, 3, 4, and 5, which

were to change the venue of the trial in Action Nos. 1, 2, and 3, which were previously joined for trial in Kings County by order of the same court, dated July 27, 1998, to the Supreme Court, Queens County, where Action Nos. 4 and 5 are pending.

Ordered that the order is modified, by deleting the provision thereof which granted the motion and cross motion and changed the venue of the trials in Action Nos. 1, 2, and 3 to the Supreme Court, Queens County, and substituting therefor a provision denying the motion and cross motion and fixing venue of those actions and Action Nos. 4 and 5 in the Supreme Court, Kings County; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants; and it is further,

Ordered that the Clerk of the Supreme Court, Queens County is directed to deliver to the Clerk of the Supreme Court, Kings County, all the papers filed in Action Nos. 1, 2, 3, 4, and 5 (*see,* CPLR 511 [d]).

Absent special circumstances, when actions that have been commenced in different counties have been joined for trial, venue should be placed in the county where the first action was commenced (*see, Mitchel v Thacker,* 159 AD2d 701; *see also, Almoghazy v Gonzalez,* 233 AD2d 349, 350; *Strasser v Neuringer,* 137 AD2d 750; *Boyea v Lambeth,* 33 AD2d 928; *cf., Mattia v Food Emporium,* 259 AD2d 527; *Government Empls. Ins. Co. v Uniroyal Goodrich Tire Co.,* 242 AD2d 765).

Here, the movants have failed to establish the existence of special circumstances which would warrant a departure from the general rule (*see, Almoghazy v Gonzalez, supra*; *Mitchel v Thacker, supra*). Since the first of the actions was commenced in Kings County, venue of the trials in all five actions should be fixed there, and the order is modified accordingly.

The appellants' remaining contention is without merit. Thompson, J. P., Joy, Krausman and Goldstein, JJ., concur.