■ SHARI HUGHES, Respondent, v VINCENT M. PACIENZA et al., Appellants (Action No. 1.) ELLEN MORENO et al., Respondents, v VINCENT M. PACIENZA et al., Appellants. (Action No. 2.) [890 NYS2d 327]—

The Supreme Court providently exercised its discretion in granting that branch of the motion of the plaintiff in action No. 1 to transfer venue of that action from Nassau County to Kings County, since action No. 2 was commenced in Kings County prior to the commencement of action No. 1 in Nassau County (*see Strasser v Neuringer*, 137 AD2d 750, 751 [1988]), and the defendants failed to demonstrate the existence of circumstances which would have warranted transferring venue out of Kings County (*see Gonzalez v Jian Ming Zhou*, 270 AD2d 387 [2000]; *cf. Gomez v Jersey Coast Egg Producers*, 186 AD2d 629, 630 [1992]).

The defendants' contentions regarding their separate motions to stay all proceedings pending the determination of a criminal action against the defendant Vincent M. Pacienza, and to quash a subpoena duces tecum that had been served upon a nonparty, are not properly before us, as the Supreme Court did not decide those motions and expressly referred them to the Supreme Court, Kings County, for determination (*see Hawkins-Bond v Konefsky*, 48 AD3d 417 [2008]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]).

The defendants' remaining contentions are without merit. Fisher, J.P., Santucci, Dickerson, Chambers and Lott, JJ., concur.