■ Manisha Rajpurohit, Respondent, v Arvind Rajpurohit, Appellant. [996 NYS2d 326]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bennett, J.), dated July 1, 2013, as denied those branches of his cross motion which were to dismiss the action for failure to comply with the durational residency requirements of Domestic Relations Law § 230, pursuant to CPLR 3211 (a) (2) and (4) for lack of personal jurisdiction, and on the ground that another action is pending between the same parties for "similar relief" in another jurisdiction, respectively, and pursuant to CPLR 327 on the ground of forum non conveniens.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and the defendant were married in India in 1994 and had a daughter who was born in India. After approximately three years of marriage, the defendant moved to the United States. A few months later, the plaintiff and the child came to the United States with the intention of remaining with the defendant. The family allegedly lived together in New York for approximately one month. The plaintiff and the child then returned to India. In 2001, and again in 2010, the defendant commenced divorce actions in India, which were dismissed.

In 2012, the plaintiff came to New York and commenced the

instant divorce action, indicating that she resided in New Jersey and the defendant resided in New York. In January 2013, the plaintiff, claiming that the defendant was attempting to evade service, moved by order to show cause for an extension of time to serve and for permission to serve the defendant by an alternative method. The defendant claimed that he has not lived in New York for several years and is a resident of New Jersey. The defendant, inter alia, cross-moved to dismiss the action on several grounds, contending that the durational residency requirements of Domestic Relations Law § 230 had not been met, that the Supreme Court lacked personal jurisdiction over him, that the plaintiff had commenced proceedings in India which sought "similar relief," and that New York was an inconvenient forum. The Supreme Court granted the plaintiff's motion and denied those branches of the defendant's cross motion.

The Supreme Court properly denied that branch of the defendant's cross motion which was to dismiss the action on the ground that the durational residency requirements of Domestic Relations Law § 230 had not been met. Here, the plaintiff's allegations that the defendant was domiciled or resided in New York for "a continuous period of at least two years immediately preceding the commencement of the action" (Domestic Relations Law § 230 [5]) were sufficient, and the defendant failed to show that he has changed his New York domicile (*see Unanue v Unanue*, 141 AD2d 31, 39 [1988]; *Silvers v Silvers*, 57 AD2d 948 [1977]).

Furthermore, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 327 to dismiss the action on the ground of forum non conveniens. The defendant has failed to demonstrate that New York is an inconvenient forum (*see Kefalas v Kontogiannis*, 44 AD3d 624, 625 [2007]). Nor has he shown that a viable alternative forum exists (*see Highgate Pictures v De Paul*, 153 AD2d 126 [1990]).

Moreover, the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the action on the ground that the plaintiff has similar actions pending in India. Pursuant to CPLR 3211 (a) (4), "in order to sustain a claim that another action is pending . . . the movant must establish that the other action was commenced first" (*Reckson Assoc. Realty Corp. v Blasland, Bouck & Lee*, 230 AD2d 723, 725 [1996]). Here, the defendant did not annex any documentation to substantiate his claim that there is a divorce action pending in India that the plaintiff commenced prior to the commencement of this action.

Finally, the Supreme Court properly denied that branch of

the defendant's motion which was to dismiss the action on the ground that the court lacked personal jurisdiction over him. Although a plaintiff bears the ultimate burden of establishing, by a preponderance of the evidence, that the court has jurisdiction over the defendant (*see Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343 [2003]), on a motion to dismiss, a plaintiff may defeat the motion by showing that facts "may exist" to support the exercise of personal jurisdiction over the defendant (*see Ying Jun Chen v Lei Shi*, 19 AD3d 407 [2005]). Here, there are facts that "may exist" showing that the defendant is a domiciliary or resident of New York. Skelos, J.P., Dickerson, Maltese and LaSalle, JJ., concur.