Matter of Andreija N. (Michael N.) (2019 NY Slip Op 53957)





Matter of Andreija N. (Michael N.)


2019 NY Slip Op 53957


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

529271

[*1]In the Matter of Andreija N., Alleged to be an Abused, Severely Abused, Repeatedly Abused and Neglected Child. Montgomery County Department of Social Services, Appellant; Michael N., Respondent.

Calendar Date: October 18, 2019

Before: Egan Jr., J.P., Lynch, Clark and Devine, JJ.


Montgomery County Department of Social Services, Fonda (Adam G. Giangreco of counsel), for appellant.
Bixby, Crable & Stiglmeier, PLLC, Albany (Carol R. Stiglmeier of counsel), for respondent.
Christopher T. Savino, Schenectady, attorney for the child.
Bixby, Crable & Stiglmeier, PLLC, Albany (Carol R. Stiglmeier of counsel), for respondent.


Christopher T. Savino, Schenectady, attorney for the child.



Lynch, J.
Appeal from an order of the Family Court of Montgomery County (McAuliffe Jr., J.), entered May 30, 2019, which, in a proceeding pursuant to Family Ct Act article 10, among other things, granted respondent's motion to modify a prior order.
Respondent and Tiffany O. (hereinafter the mother) are the unmarried parents of the subject child (born in 2012). The parents have been litigating issues of custody since shortly after the child's birth. In May 2018, the parents reached an agreement to resolve a pending custody petition filed by respondent after the mother relocated with the child to Vermont. The agreement was reduced to an order (hereinafter the custody order) that provided for "modified legal and joint physical custody" of the child with a defined schedule providing equal parenting time. The custody order further specified that the mother would relocate from Montpelier, Vermont to Manchester, Vermont by August 1, 2018 and that, starting in September 2018, the child would attend school in the City of Saratoga Springs, Saratoga County, where respondent lived. In the interim, petitioner commenced this Family Ct Act article 10 proceeding in Montgomery County alleging that respondent sexually abused the child. On July 20, 2018, Family Court (Tomlinson, J.) issued a temporary stay-away order of protection against respondent prohibiting any contact with the child (see Family Ct Act § 1029). This order of protection was extended several times, the most recent of which occurred in April 2019 by Family Court (McAuliffe Jr., J.) (hereinafter the stay-away order of protection). In August 2018, the mother filed a petition seeking sole legal and physical custody of the child. Thereafter, by consent of the parties, a forensic psychologist (hereinafter psychologist) was ordered to conduct a forensic interview of the child in November 2018, and her report was submitted to the court. The psychologist then completed a second report in May 2019. In both reports, the psychologist concluded that there was no credible evidence that the father sexually abused the child and recommended implementing the custody order.
On May 30, 2019, the first day of a combined fact-finding hearing on both petitions, both of the psychologist's reports were received into evidence on consent. Without any testimony being taken, respondent, joined by the attorney for the child, then moved to vacate the stay-away order of protection. Both petitioner and the mother objected, and, after taking a brief recess, Family Court issued a ruling from the bench vacating the stay-away order of protection, without explanation. The court then issued a new temporary order of protection in May 2019 allowing respondent to exercise unsupervised visitation pursuant to a parenting schedule comparable to the custody order. Petitioner appeals.[FN1]
Petitioner maintains that Family Court abused its discretion by modifying the stay-away order of protection. We agree. Pursuant to Family Ct Act § 1061, Family Court has broad authority to set aside, modify or vacate any order issued during the course of a Family Ct Act article 10 proceeding for "good cause shown" (see Matter of Angel RR. [Gloria RR.—Pedro RR.], 152 AD3d 1010, 1010 [2017]; Matter of Sutton S. [Abigail E.S.], 152 AD3d 608, 608-609 [2017]). "As with an initial order, the modified order must reflect a resolution consistent with the best interests of the child after consideration of all relevant facts and circumstances and must be supported by a sound and substantial basis in the record" (Matter of Yosepha K. [Chana D.], 165 AD3d 932, 933 [2018] [internal quotation marks and citations omitted]).
Although Family Court failed to articulate its reasoning for vacating the stay-away order of protection, there are several factors that lead us to conclude that the court did not have good cause to do so. The record shows that the stay-away order of protection was based on allegations of sexual abuse first reported by the child's therapist and subsequently pursued by petitioner after its caseworkers interviewed the child. The petition speaks to specific acts of sexual abuse, as well as the emotional stress on the child resulting from respondent's threatening behavior towards the mother. The decision to vacate the stay-away order of protection was made on the first day of trial and, although the psychologist's reports were admitted into evidence, petitioner was not precluded from subpoenaing the psychologist for purposes of cross-examination. Moreover, petitioner represented that it intended to call the child's therapist as a witness. Although we are mindful that the psychologist spoke to the therapist as a collateral source and was highly critical of the interview methods utilized by petitioner's caseworkers, this record should have been further developed before a determination was made as to whether it was in the child's best interests to allow respondent unsupervised, overnight parenting time. This is particularly so given respondent's ongoing, threatening behavior towards the mother and others via text message and on social media.[FN2] In her reports, the psychologist confirmed that she reviewed a series of emails and text messages between the parents and certain Facebook postings of respondent. The psychologist noted that the mother perceives respondent "as dangerous and threatening," but did not produce any documentary proof of violence. The psychologist characterized respondent's "behavior and statements [as] unconventional" and noted that "he has never been violent or caused harm to [the child] or [the mother]." Our concern with these observations is that domestic violence is not limited to physical violence. In our view, respondent's behavior and threats were alarming and demonstrated a concerted effort to control and coerce the mother and others who were associated with this custody case. As such, we believe that respondent's unabashed behavior evinced the hallmarks of domestic violence and should not have been diminished as simply "unconventional" (see e.g. www.opdv.gov/domestic-violence/what-is-domestic-violence.html; www.opdv.gov.publications/stalking-info guide). Given the need to further develop this record, we conclude that Family Court's determination was premature and that good cause had not been shown to vacate the stay-away order of protection. It follows that the stay-away order of protection should remain in effect pending further proceedings in Family Court.
Egan Jr., J.P., Clark and Devine, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motion denied and matter remitted to the Family Court of Montgomery County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: This Court granted petitioner's motion for a stay of the May 2019 order of protection and reinstated the stay-away order of protection. Upon inquiry, this Court's Clerk's office ascertained that the matter is still pending before Family Court.

Footnote 2: We recognize that the record on appeal includes petitioner's order to show cause submission to this Court seeking a stay pending appeal, which includes respondent's text messages and Facebook postings. Respondent maintains that these documents were not presented to Family Court and should not be considered as outside the proper record on appeal (see CPLR 5526). The record is unclear as to whether these submissions were before Family Court. The general rule is that this Court may not consider matters outside the record, i.e., materials not presented to the trial court (see Crawford v Merrill Lynch, Pierce, Fenner & Smith, 35 NY2d 291, 298 [1974]). Respondent, however, acknowledges in his brief that "all the submissions
. . . were reviewed and considered by [the psychologist]." Correspondingly, the psychologist includes a list of documents considered, including text messages and Facebook posts, and comments on certain of these items. Given this context, and the paramount issue of the child's best interests, we will consider this submission (see Crawford v Merrill Lynch, Pierce, Fenner & Smith, 35 NY2d at 298-299; Callahan v Cortland Mem. Hosp., 127 AD2d 921, 922 [1987]). During the course of this dispute, respondent threatened multiple judges, posted on social media prior to an appearance that he was "getting ready to f*** up some justice and go to jail tomorrow," posted a photo of himself pointing a rifle equipped with a scope — in violation of the terms of the stay-away order of protection — and posted, the night before the child's interview with the psychologist, "I know where and when so I'm packed up and ready to take back what's mine tomorrow. Thoughts and prayers." Then, on the day of the interview, respondent posted that he was "waiting at [the psychologist's location]. Started at 11:00 got about 45 minutes to an hour until the sh** hits the fan. You all deserve what you get."