Gillis v Monahan (2025 NY Slip Op 50397(U))

[*1]

Gillis v Monahan

2025 NY Slip Op 50397(U)

Decided on March 31, 2025

Supreme Court, Saratoga County

Kupferman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 31, 2025
Supreme Court, Saratoga County

Andrew B. Gillis, Administrator of the ESTATE OF KAYLIN A. GILLIS, Plaintiff,

against
Kevin D. Monahan and JINX P. MONAHAN a/k/a POLLY JINX MONAHAN, Defendants.

Index No. EF20232322

Donald W. Boyajian, Esq.
Dreyer Boyajian LLP
75 Columbia Street
Albany, New York 12210
Attorneys for the Plaintiff
Daniel P. Fletcher, Esq.
Michael A. Annesi, Esq.
Costello, Cooney & Fearon, PLLC
211W. Jefferson Street
Syracuse, New York 13202
Attorneys for the Defendants

Richard A. Kupferman, J.

This action arises from a shooting in Washington County that resulted in the death of the plaintiff's daughter, Kaylin Gillis. A related action is pending in Washington County against the same defendants by another victim of the shooting, Blake Walsh ("Blake Action"). Two other actions are also proceeding in Washington County regarding the same incident; they seek declaratory relief regarding the defendants' homeowner policy. The issue presented is whether the Court should consolidate this action with the Blake Action and place venue in Washington County. 
 Background
On the evening of April 15, 2023, young adults in vehicles entered the defendants' driveway in Washington County, erroneously believing it to be their destination. One of the vehicles was being operated by Blake Walsh, with Kaylin Gillis in the passenger seat. After hearing the vehicles in his driveway, the Defendant Kevin Monahan discharged a shotgun [*2]towards Mr. Walsh's vehicle, causing Ms. Gillis' death. As a result of the incident, Mr. Monahan was charged and ultimately convicted by a jury in January 2024 of murder in the second degree, reckless endangerment, and tampering with physical evidence. He was sentenced in March 2024 to a term of 26 and 1/3 years to life. 
There are four pending civil actions stemming from the subject incident, including this action (commenced in August 2023), the Blake Action (commenced in March 2024), and two actions seeking declaratory relief regarding the defendants' homeowner's policy (commenced in February and March 2024, respectively). Three of these four actions are presently in Washington County.[FN1]

The plaintiff, who has since moved to Florida, now seeks to consolidate this action with the Blake Action and place venue in Washington County (see CPLR 510[3]; 602[a]). The defendants in this action have opposed the relief requested. The other parties in the other actions (Mr. Blake and the defendants' insurer) have been provided with notice of this motion, however, they have not submitted any opposition to the relief requested.

Analysis
Under CPLR 602(a), a court may consolidate actions involving a common question of law or fact. Consolidation is favored in cases where it will avoid the unnecessary duplication of trials, save unnecessary costs, and prevent divergent decisions based on the same facts (see Sokolow, Dunaud, Mercadier & Carreras v Lacher, 299 AD2d 64, 74 [1st Dept 2002]). Where such benefits exist, the motion should be granted unless the party opposing the motion demonstrates significant prejudice (see Government Empls. Ins. Co. v Uniroyal Goodrich Tire Co., 242 AD2d 765, 766 [3d Dept 1997]; Fashion Tanning Co. v D'Errico & Farhart Agency, 105 AD2d 1034, 1035 [3d Dept 1984]; Maigur v Saratogian, Inc., 47 AD2d 982, 982-983 [3d Dept 1975]).
Here, the two actions sought to be consolidated involve common questions of law and fact. The claims are based on the same incident and involve common legal issues such as reasonable care, foreseeability, and premises liability. The proof will therefore involve the same witnesses and records and be duplicative on numerous issues, including the negligent and/or intentional conduct of the defendants and their potential liability. A common legal issue also exists regarding the collateral estoppel effect of the criminal conviction. When considering these circumstances, together with the absence of any showing of prejudice, consolidation is warranted.
Turning to the issue of venue, the plaintiff relies on CPLR 602 and CPLR 510. Under CPLR 602(a), a court has the discretion in cases involving common questions of law or fact to make "such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay" (see Kiamesha Concord v Greenman, 29 AD2d 904, 904 [3d Dept 1968]). CPLR 510(3) further allows a court to change venue of an action where "the convenience of material witnesses and the ends of justice will be promoted by the change" (see Manchester Tech v [*3]Hansen, 6 AD3d 806, 807-808 [3d Dept 2004]; Ithaca Peripherals v Sequoia Pac. Sys. Corps., 141 AD2d 909, 909-910 [3d Dept 1988]; Callahan v Cortland Mem. Hosp., 127 AD2d 921, 921-922 [3d Dept 1987]). 
"Consolidated actions are generally tried where the first action was commenced, although the placement of venue rests in the sound discretion of the motion court" (Di Pasquale v Security Mut. Life Ins. Co. of NY, 273 AD2d 621, 622 [3d Dept 2000] [internal quotation marks, brackets, and citations omitted]; see Government Empls. Ins. Co., 242 AD2d at 766; Usher v Dean, 163 AD2d 784, 785 [3d Dept 1990]). In exercising its discretion, a court may consider any circumstances which negate placing venue where the first action was commenced, including, among other things, the convenience of the nonparty witnesses, the place where the cause of action arose (in a transitory action), and any other factors which tend to promote the interest of justice (see Magee v Hutcher, 174 AD2d 941, 941 [3d Dept 1991]; Usher, 163 AD2d at 785; Perinton Associates v Heicklen Farms, Inc., 67 AD2d 832, 833 [4th Dept 1979]; Kiamesha Concord, 29 AD2d at 904).
Here, these actions seek to recover based on a crime that occurred in Washington County. The crux of the claims is that Mr. Monahan shot towards Mr. Blake's vehicle while at his residence; that one of the projectiles hit and killed Ms. Gillis; that Mrs. Monahan should have realized that her husband was a danger to others; that Mr. Monahan negligently or recklessly discharged the weapon; and that the defendants failed to maintain their property in a reasonably safe condition. All these allegations concern acts or omissions that occurred in Washington County and are therefore more suitable for resolution in Washington County.
In addition, most of the witnesses reside and/or work in Washington County, including the emergency responders and local law enforcement personnel. Public records generated from the incident are also located in Washington County. Moreover, three other actions arising from this incident are currently proceeding in Washington County. 
Under the circumstances, the plaintiff has adequately demonstrated that Washington County is more convenient for the material witnesses and that placing venue in Washington County will promote the ends of justice. Accordingly, the motion to consolidate and place venue in Washington County is granted (see Government Empls. Ins. Co., 242 AD2d at 766; Magee, 174 AD2d at 941; Usher, 163 AD2d at 785; see also Manchester Tech, 6 AD3d at 807-808; Callahan, 127 AD2d at 921-922). 
It is therefore,
ORDERED that the plaintiff's motion to consolidate this action with the Blake Action (Walsh v. Jinx P. Monahan a/k/a Polly Jinx Monahan and Kevin D. Monahan, Washington County, Index No. EC2024-36766) and place venue in Washington County is in all respects GRANTED; and it is further
ORDERED that the consolidated action shall bear the caption and share the same index number as set forth on the face of the attachment to this Order (located at page 7), and it is further
ORDERED that venue of this action is changed from this Court to the Supreme Court, County of Washington; and it is further
ORDERED that the Clerk of this Court shall transfer the file in this action to the Clerk of the Supreme Court, County of Washington and shall mark the records to reflect such transfer; and it is further
ORDERED that this consolidated action shall be scheduled for a conference and further [*4]proceedings before a judge assigned in Washington County upon the filing of a proper Request for Judicial Intervention; and it is further
ORDERED that within thirty (30) days from entry of this order, the plaintiff shall serve by way of NYSCEF a copy of this order with notice of entry upon the Clerk of this Court pursuant to CPLR 8019(c) (see NYSCEF forms, EF-22); and it is further
ORDERED that the Clerk of this Court shall coordinate the transfer of the file in this action with the Clerk of the Supreme Court, Washington County, so as to ensure an efficient transfer and minimize insofar as practical the reproduction of documents, including with regard to any documents that may be in digital format; and it is further
ORDERED that a copy of this Order shall be served upon all parties to this action and any other related civil actions within thirty (30) days after entry of this Order.
This shall constitute the Decision and Order of the Court. No costs are awarded to any party. The Court is hereby uploading the original decision into the NYSCEF system for filing and entry by the County Clerk. The Court further directs the parties to serve notice of entry in accordance with the Local Protocols for Electronic Filing for Saratoga County.
So-Ordered.
Dated: March 31, 2025
at Ballston Spa, New York
HON. RICHARD A. KUPFERMAN
Justice Supreme Court
Papers Considered:
NYSCEF Doc. Nos.: 22-37

 Attachment to Order Dated March 31, 2025
Caption of the Consolidated Action
STATE OF NEW YORK
SUPREME COURT COUNTY OF WASHINGTON
ANDREW B. GILLIS,                     Index No.: EC2024-36766
Administrator of the ESTATE OF
KAYLIN A. GILLIS, and
BLAKE WALSH,
Plaintiffs,
against
KEVIN D. MONAHAN and
JINX P. MONAHAN a/k/a
POLLY JINX MONAHAN,
Defendants.

Footnotes

Footnote 1:The first action seeking declaratory relief was filed in Chenango County. By Order dated January 7, 2025, the Supreme Court (McBride, J.) determined that special circumstances warranted fixing venue in Washington County for a joint trial of both actions seeking declaratory relief regarding the homeowner's policy.