■ ALBEE TRUCK, INC., Appellant, v HALPIN FIRE EQUIPMENT, INC., Respondent. [615 NYS2d 118] —Casey, J. Appeal from an order of the Supreme Court (Ellison, J.), entered October 12, 1993 in Chemung County, which granted defendant's motion to set aside a verdict in favor of plaintiff and dismissed the complaint.

Defendant acts as a sales representative who assists municipalities in preparing the specifications for fire trucks and in soliciting quotations for the truck chassis and cabs on which the manufacturer will build the trucks. In this capacity, defendant helped to prepare a bid for a fire truck to be manufactured by the Ranger Fire Apparatus Division of American Modular (hereinafter Ranger) for the Glen Cove Fire Department and solicited a price quotation for the chassis from plaintiff, a truck dealership. In July 1988 plaintiff submitted a final quotation of $42,957. After further discussions, defendant's sales manager told plaintiff's sales representative to cancel the order for the chassis. Plaintiff's representative informed defendant that it was too late to do so and the chassis was shipped to Ranger. When a dispute arose over payment for the chassis, plaintiff, defendant and Ranger arrived at an agreement in May 1990 by which Ranger would construct an emergency vehicle on the chassis. Pursuant to the agreement, defendant would contribute $10,000 toward the cost of this operation and would attempt to sell the completed vehicle, and plaintiff would be reimbursed $36,500 from the proceeds of the sale. The agreement was not implemented, and plaintiff sold the chassis in April 1992 for $23,000.

According to plaintiff's president, a loss of $19,415 resulted.

Plaintiff subsequently commenced suit for breach of contract based on defendant's order of the chassis and its refusal to pay for it. At the close of plaintiff's case in the jury trial that ensued, defendant moved to dismiss the complaint on three grounds: (1) it was the agent for a disclosed principal, (2) accord and satisfaction, and (3) the resale notice requirement in UCC 2-706. The motion was ultimately denied. The jury returned a special verdict which found a contract between the parties and awarded damages to plaintiff of $19,415.80. Defendant moved to set aside the verdict on the ground of accord and satisfaction and on the further ground that it was against the weight of the evidence. Supreme Court found that the May 1990 agreement constituted an accord and satisfaction, and that defendant's motion to dismiss the complaint should be granted. Judgment was entered accordingly, resulting in this appeal by plaintiff.

Plaintiff argues that it was entitled to assert its rights under the original contract because the May 1990 agreement was an executory accord which was not performed. Defendant argues that the agreement was a substitute agreement and that plaintiff could assert its rights under the original claim only if defendant did not perform its obligations under the substitute agreement. Defendant reasons that although Ranger breached the agreement, defendant did not breach or repudiate it and, therefore, is not liable for any prior claim. Whether the parties intended a particular arrangement to be an accord or a substituted agreement involves a determination which may be aided by certain presumptions *(see, Denburg v Parker Chapin Flattau & Klimpl,* 82 NY2d 375, 384). "Generally, it is assumed that one does not surrender an existing obligation for a promise to perform in the future * * * 'It is generally more reasonable to suppose that he bound himself to surrender his old rights only when the new contract of accord was performed' " *(Goldbard v Empire State Mut. Life Ins. Co.,* 5 AD2d 230, 236; *accord, American Bank & Trust Co. v Koplik,* 87 AD2d 351, 354). Based upon these principles, and in the absence of any evidence of the parties' contrary intent, we conclude that the May 1990 agreement is an executory accord.

General Obligations Law § 15-501 (3) provides that if an executory accord is not performed according to its terms by one party, the other party shall be entitled either to assert its rights under the claim which is the subject of the accord or to

assert its rights under the accord. "The distinctive feature of an accord and satisfaction is that the obligee does not intend to discharge the existing claim merely upon the making of the accord; what is bargained for is the performance" *(Denburg v Parker Chapin Flattau & Klimpl, supra,* at 383). Because the performance or satisfaction required by the May 1990 agreement was not tendered to plaintiff, plaintiff was entitled to sue under the original claim *(see, supra,* at 383). Defendant's reliance on *Brauer v Central Trust Co.* (77 AD2d 239, 246, *lv denied* 52 NY2d 703) as support for its claim that plaintiff was required to show defendant's breach or repudiation of the accord is misplaced. The *Brauer* case involved a two-party contract where the plaintiff had failed to satisfy a condition to the defendant's performance.

Defendant raises two arguments as alternative grounds to affirm Supreme Court's order granting its motion to set aside the verdict. Neither argument, however, was raised in defendant's posttrial motion *(see,* CPLR 4406). In any event, the evidence in the record does not support either the claim that defendant acted as Ranger's agent in the purchase of the chassis or the claim that defendant did not have the notice of resale required by UCC 2-706.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied and the jury verdict in favor of plaintiff is reinstated.