■ RELIANCE INSURANCE COMPANY et al., Respondents, v AMERICAN ELECTRIC POWER COMPANY, INC., Appellant. [637 NYS2d 710] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered June 6, 1995, which denied defendant's motion seeking to dismiss or stay the action pursuant to CPLR 327 and 3211 (a) (4), unanimously affirmed, with costs.

The IAS Court properly declined to dismiss, or, in the alternative, stay the New York action pursuant to CPLR 3211 (a) (4), on the ground that there is another action pending between the same parties for the same or substantially the same relief in the United States District Court, Southern District of Ohio. The requisite complete identity of issues, for purposes of CPLR 3211 (a) (4), does not exist (see, Kent Dev. Co. v Liccione, 37 NY2d 899, 901). The New York equitable action seeking reformation of certain insurance policies and the prior filed legal action pending in Ohio, seeking recovery under such policies for damages attributable to a July 11, 1993 flood at a coal mine operated by a subsidiary of the defendant, are not mirror images (National Fire Ins. Co. v Hughes, 189 NY 84, 87). In any event, reformation, which was raised as an affirmative defense, is only a part of the problem in the Ohio action, which involves a determination of the parties' rights and liabilities under the policies vis-à-vis the claim for flood damage. The New York action is grounded entirely on allegations concerning the original negotiations for the policies.

The IAS Court likewise properly exercised its discretion in declining to dismiss or stay the New York action pursuant to CPLR 327 on the ground of forum non conveniens. The subject matter of the action has a substantial nexus to the State of New York, inasmuch as the transaction forming the basis of the reformation action, the negotiation and issuance of two policies of insurance, occurred in New York, and it would not be unduly burdensome for the defendant to defend the action in this State, given that the relevant witnesses, the defendant, a New York corporation, and the relevant documents are all located in New York (Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479, cert denied 469 US 1108; Employers Ins. v American Home Prods. Corp., 207 AD2d 1). We have reviewed defendant's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Kupferman, Nardelli and Tom, JJ.