■ MINERVA VELASQUEZ, Individually and as Mother and Legal Guardian of JOHNNY FERRER, an Infant, et al., Respondents-Appellants, v C.F.T., INC., et al., Defendants, and FORD MOTOR COMPANY, Appellant-Respondent. (And Other Actions.) [657 NYS2d 707] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered February 29, 1996, which, insofar as appealed from, denied defendant Ford Motor Company's motion pursuant to CPLR 510 (3) to change the venue of Action I from Bronx County to Essex County, and granted plaintiff Tirado's motion in Action II to consolidate Actions I, II, III, and IV in Kings County, unanimously affirmed, without costs.

Plaintiffs were passengers in a Ford van that allegedly overturned in Essex County while transporting them to visit an upstate prison. Defendant Ford, named only in Action I brought in Bronx County, the other three actions having been brought in Kings County, seeks a change of venue to Essex County, where police officers, emergency rescue personnel, roadway engineers, a tow truck operator, witnesses who stored, examined and photographed the van, a District Attorney who investigated and criminally prosecuted the driver, and medical personnel who rendered the initial treatment to the passengers are located. The change of venue was denied by the motion court as unwarranted by virtue of the fact that the individuals for whose convenience Ford expresses concern, mainly public servants, had an opportunity to observe the condition of the vehicle and passengers *after* the accident. We agree. None of the witnesses could provide competent and material testimony on whether the van was defective, the only liability issue confronting Ford (*cf., Moghazeh v Valdes-Rodriguez*, 151 AD2d 428; *Wecht v Glen Distribs. Co.*, 112 AD2d 891, 893), and much

of their testimony would be cumulative (*see, Johnson v Cherry Grove Is. Mgt.*, 190 AD2d 598). The motion court also properly considered the ample medical proof establishing plaintiff Velasquez's inability to travel to Essex County (*see, Foley v Phelps*, 257 App Div 896; *Zinker v Zinker*, 185 AD2d 698), and we would note as well that most of plaintiffs' medical treatment was provided in New York City and surrounding counties (*see, Wecht v Glen Distribs. Co., supra*, at 894). Consolidation of the four actions was a proper exercise of discretion to avoid unnecessary duplication of trials and the possibility of divergent decisions involving the same accident. While only the plaintiffs in Action I assert claims against Ford for defective design and manufacture, there are other issues that that action has in common with the other three, and it should not be beyond the competence of a properly instructed jury to sort out the differing offers of proof as against the various defendants in the consolidated action (*see, Held v Ball*, 123 AD2d 507). Finally, the venue of the consolidated actions was properly placed in Kings County where the first action was commenced, since travel from Bronx to Kings County is not so arduous as to be a special circumstance justifying departure from the general rule favoring venue in the county where the first action was commenced (*see, Gordon v Crabtree Nissan*, 178 AD2d 338; *cf., Rodriguez v Ryder Truck Rental*, 100 AD2d 811). Concur—Milonas, J. P., Rosenberger, Wallach, Nardelli and Rubin, JJ.