■ HAROLD E. RIST et al., Appellants, v RICHARD A. COMI, Respondent, et al., Defendants. [672 NYS2d 961] —Mikoll, J. P. Appeal from an order of the Supreme Court (Dier, J.), entered March 20, 1997 in Warren County, which denied plaintiffs' motion for enforcement of a settlement stipulation.

In September 1993, plaintiffs and defendant Richard A. Comi (hereinafter defendant) entered into a stock purchase agreement whereby defendant purchased 100% of the shares of defendant Glens Falls Communications Corporation (hereinafter the corporation) from plaintiffs. As part of the transaction, the parties entered into a deferred compensation agreement, providing for the payment of moneys to plaintiffs, and a pledge and escrow agreement by which defendant pledged his interest in the stock as security for the purchase price thereof. One year later, defendant, claiming that the agreements were invalid due to plaintiffs' alleged fraudulent concealment of the corporation's tax liabilities, advised plaintiffs that he would not make payments to them under the agreements.

Plaintiffs then brought a declaratory judgment action seeking to establish their entitlement to the stock of the corporation due to defendant's breach of contract; defendant asserted a counterclaim for fraud. On December 8, 1994, the parties placed a stipulation of settlement of these actions upon the record. This stipulation contemplated defendant's repurchase of the stock, the exchange of mutual releases of all claims as-

serted in the litigation, and contained numerous terms and conditions requiring the parties to perform certain acts and execute certain documents to effectuate the settlement. It further provided that the performance of these requirements was to occur on or before January 1, 1995, and that either party had the option of rescinding the stipulation upon notice to the other party. On December 29, 1994, before the conditions of the settlement stipulation were satisfied, defendant filed a bankruptcy petition listing, *inter alia*, the corporate shares as his property. On December 30, 1994, plaintiffs sought and obtained an order directing the return of the stock to them. Thereafter, the corporation was put into bankruptcy and its stock was sold to a third party.

In April 1996, defendant brought a legal malpractice action against the attorneys who had represented him in connection with the original stock purchase, complaining of negligence as to the alleged undisclosed corporate tax liabilities. The attorneys then commenced a third-party action against plaintiffs for contribution based upon the same allegations of fraud originally asserted by defendant. Plaintiffs thereupon commenced this action seeking enforcement of the December 8, 1994 settlement stipulation insofar as the release of defendant's fraud claim was concerned, so as to relieve them from any liability in the third-party action pursuant to General Obligations Law § 15-108. Supreme Court held that, although defendant had repudiated the settlement stipulation, plaintiffs had in turn rescinded the stipulation when they sold the stock to a third party, rendering enforcement thereof impossible. Plaintiffs appeal.

The stipulation of settlement entered into by the parties constituted an executory accord, requiring that each party perform certain actions before the accord would be satisfied and the underlying claims discharged (*see*, General Obligations Law § 15-501; *see also*, *Denburg v Parker Chapin Flattau & Klimpl*, 82 NY2d 375; *Albee Truck v Halpin Fire Equip.*, 206 AD2d 789, *lv denied* 85 NY2d 810). When one party to an executory accord fails to perform its obligations thereunder, the other party may assert his or her rights under the accord or proceed upon the underlying claim (General Obligations Law § 15-501 [3]). Here, however, plaintiffs chose to proceed by filing an action seeking return of the stock, and thus lost any entitlement they may have had to seek enforcement of the executory accord. Contrary to plaintiffs' contentions on appeal, their actions were tantamount to rescission of the settlement stipulation, and Supreme Court properly found itself without power to

partially enforce a stipulation whose performance was rendered impossible by, *inter alia*, plaintiffs' inability to perform.

Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.