■ HAROLD E. RIST et al., Respondents, v RICHARD COMI, Appellant, et al., Defendants. (Action No. 1.) RICHARD COMI, Appellant, v BRESLIN & BRESLIN, a Partnership, et al., Defendants and Third-Party Plaintiffs-Respondents. HAROLD E. RIST et al., Third-Party Defendants-Respondents. (Action No. 2.) (And Another Related Action.) [688 NYS2d 806] —Mikoll, J. P. Appeal from an order of the Supreme Court (Dier, J.), entered February 3, 1998 in Warren County, which, inter alia, partially granted plaintiffs' motion in action No. 1 for consolidation of the three actions.

The principal question presented is whether Supreme Court abused its discretion in ordering consolidation of action Nos. 1

and 2. In brief, the relevant facts are as follows.* In September 1993, Richard Comi contracted with Harold Rist and Ruth Rist to purchase their controlling stock in Glens Falls Communication Corporation (hereinafter GFCC). Comi subsequently defaulted in payments under the contract, claiming that the Rists concealed and/or misrepresented GFCC's tax liabilities. The Rists then commenced action No. 1 seeking damages for breach of contract and a declaration that they were entitled to the stock certificates. Comi counterclaimed for fraud. The action was tentatively settled by stipulation in December 1994; although the settlement did not materialize, the Rists regained the stock and sold it to a third party.

In action No. 2, Comi sued Breslin & Breslin, the attorneys who represented him in connection with the stock purchase, alleging that they negligently failed to discover GFCC's tax liabilities. The Breslin firm filed a third-party action against the Rists seeking contribution based upon the same allegations of fraud Comi originally asserted against the Rists in action No. 1. Action No. 3 was commenced by Comi in 1997, alleging legal malpractice against Fitzgerald, Morris, Baker and Firth, P. C., the law firm which represented him in action No. 1 up to the time of the settlement stipulation.

The Rists moved pursuant to CPLR 602 (b) to consolidate all three actions. Supreme Court granted the motion to the extent of consolidating the first two actions. The court denied consolidation with respect to action No. 3 because the Rists were not parties thereto, but the court indicated it would entertain the motion again at such time as the Rists were added as third-party defendants. Comi appeals.

Consolidation of actions involving identical parties and issues is committed to the sound discretion of the trial court, and where common questions or law or fact exist, consolidation is warranted unless the opposing party demonstrates prejudice to a substantial right (*see, Biscone v Carnevale*, 186 AD2d 942, 944; *Berman v Greenwood Vil. Comm. Dev.*, 156 AD2d 326; *Business Council v Cooney*, 102 AD2d 1001).

Consolidation is justified here based upon the commonality of issues and parties. Both actions stem from Comi's purchase of GFCC stock from the Rists: in action No. 1, he alleges that the Rists fraudulently concealed GFCC's tax liabilities, and in action No. 2, he alleges that the Breslin firm was negligent in failing to discover the Rists' fraud and/or protect him against

---

* More detailed recitations of the facts of actions Nos. 1 and 2 are set forth in *Rist v Comi* (250 AD2d 966, *lv denied* 92 NY2d 1002) and *Comi v Breslin & Breslin* (257 AD2d 754).

it. Central to both actions, therefore, is whether the Rists committed fraud in the stock sale by misrepresenting GFCC's tax liabilities. Far from constituting an abuse of discretion, Supreme Court's consolidation of these actions avoids duplicative litigation and the possibility of divergent results based on the same facts. Comi has made no showing of prejudice and we are unpersuaded by his claim of potential jury confusion.

Nor did Supreme Court abuse its discretion in determining that the venue should be placed in Warren County, where the first action was instituted (*see, Government Empls. Ins. Co. v Uniroyal Goodrich Tire Co.*, 242 AD2d 765, 766; *Velasquez v C.F.T., Inc.*, 240 AD2d 178, 179; *T T Enters. v Gralnick*, 127 AD2d 651, 652). Finally, we do not agree with Comi that Supreme Court abused its discretion in granting plaintiffs leave to renew their motion with respect to action No. 3. Supreme Court merely denied that part of the Rists' motion, without prejudice, which is within the court's discretion.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with one bill of costs.