■ SECURITY MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent, v CHRISTOPHER E. DiPASQUALE, Appellant. [707 NYS2d 39] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about December 15, 1998, which, inter alia, denied defendant's motions to dismiss the complaint for lack of personal jurisdiction due to defective service and to dismiss on the ground of another action pending, and conditionally granted plaintiff's cross motion to remove an action in Broome County and consolidate it with the instant action, and order, same court and Justice, entered June 10, 1999, which granted reargument, and, upon reargument, adhered to its prior December 15, 1998 determination, unanimously affirmed, without costs.

Defendant failed to raise in his original motion his argument concerning the nonexistence of the business address to which plaintiff mailed the summons and complaint and amended summons and complaint on June 25, 1998, having left another copy of the pleadings there with a person of suitable age and discretion the previous day, and the IAS Court therefore properly declined to consider the argument on reargument (see, Pahl Equip. Corp. v Kassis, 182 AD2d 22, 27, lv denied in part and dismissed in part 80 NY2d 1005). In any event, the record indicates that, according to the applicable street signs, defendant's actual place of business is located at 55 Old Turnpike Way, even though his official address might be 55 Old Turnpike Road, and there is no evidence that mail would not be delivered if addressed in the former manner. Furthermore, the record demonstrates that, on two occasions, plaintiff affixed another copy of the pleadings to defendant's residence and thereafter mailed a copy to that address. Accordingly, defendant was properly served pursuant to CPLR 308 (2) and the court obtained personal jurisdiction over him.

Since an action is commenced upon the filing of the summons and complaint, not service (*see*, CPLR 304), the New York County action has priority over the Broome County action (*see*, *White Light Prods. v On The Scene Prods.*, 231 AD2d 90, 96-97). However, in light of that and the fact that the Broome County action includes another party and lacks a complete identity of issues, the IAS Court properly exercised its discretion in denying the motion to dismiss and conditionally granting removal and consolidation, subject to approval by the Broome County Court (*see*, *Reliance Ins. v American Elec. Power Co.*, 224 AD2d 235; *MediaAmerica, Inc. v Rudnick*, 156 AD2d 174). Finally, defendant has failed to demonstrate that the convenience of witnesses and the ends of justice would be promoted by transferring venue to Broome County (*see*, *Velasquez v C.F.T., Inc.*, 240 AD2d 178). Concur—Lerner, J. P., Andrias, Saxe, Buckley and Friedman, JJ.