■ CHRISTOPHER E. DI PASQUALE, Appellant, v SECURITY MUTUAL LIFE INSURANCE COMPANY OF NEW YORK et al., Respondents. [711 NYS2d 353] —Graffeo, J. Appeal from an order of the Supreme Court (Rose, J.), entered March 25, 1999 in Broome County, which, *inter alia*, granted defendant Security Mutual Life Insurance Company of New York's cross motion for removal of this action to the Supreme Court in New York County for consolidation with an action pending there.

This appeal arises from a dispute over the parties' respective rights and obligations under two disability insurance policies which defendant Security Mutual Life Insurance Company issued to plaintiff, which spawned two separate lawsuits. Security Mutual commenced the first action on April 10, 1998 in Supreme Court in New York County seeking a declaration that it was not obligated under the policies to continue to pay disability benefits to plaintiff, a resident of New York County.[1] The second action, the subject of this appeal, was commenced by plaintiff on June 10, 1998 in Supreme Court in Broome County against Security Mutual alleging that the company breached its obligations under the contracts and that it had been induced to do so by its claims adjuster, defendant Berkshire Life Insurance Company.

Soon after he commenced this action, plaintiff moved in the New York County action to dismiss Security Mutual's lawsuit on two grounds: (1) lack of personal jurisdiction due to improper service, and (2) the existence of the litigation in Broome County, which he characterized as a prior pending action. Security Mutual's cross motion sought consolidation of the two actions with the concomitant removal of the Broome County action to New York County.

While the cross motions were pending in New York County, plaintiff moved in the Broome County action for partial summary judgment on the issue of liability regarding his breach of contract claim against Security Mutual and for consolidation of the two actions, with removal to Broome County. Supreme Court declined to address this matter until the motions pending in New York County were adjudicated.

In December 1998, Supreme Court in New York County

---

1. An amended summons and complaint was filed April 22, 1998.

denied plaintiff's motion to dismiss, holding that he had been properly served, and after considering plaintiff's argument that Broome County was the more convenient forum, the court determined that the two actions should be consolidated in New York County. However, because Berkshire was not a party to the action commenced in New York County by Security Mutual, the court conditioned its grant of consolidation and removal on Security Mutual obtaining the approval of this disposition by Supreme Court in Broome County.[2]

Consequently, Security Mutual moved, with Berkshire's consent, in Broome County for an order approving consolidation and for removal of plaintiff's action to New York County. Plaintiff again contended that Broome County was the more convenient forum and sought partial summary judgment against Security Mutual on his breach of contract claim. Supreme Court in Broome County (hereinafter Supreme Court) approved the consolidation and removal to New York County, but declined to address plaintiff's request for partial summary judgment. Plaintiff now appeals.

We affirm. Having deferred its disposition of plaintiff's motion for consolidation, removal and partial summary judgment to await a ruling in New York County on the pending cross motions in the action commenced there by Security Mutual, Supreme Court appropriately declined to revisit the issues resolved by its sister court. Moreover, there was no impropriety in the court's refusal to consider summary judgment since the issues raised are central to the resolution of both actions. By doing so, the court avoided "duplicative litigation and the possibility of divergent results based on the same facts" (*Rist v Comi*, 260 AD2d 890, 892), a primary objective of consolidation.

On appeal, plaintiff presses his claim that Supreme Court erred in approving the removal of this action to New York County because Broome County is the more appropriate venue. "[C]onsolidated actions are generally tried where the first action was commenced, although the placement of venue rests in the sound discretion of the motion court" (*Reckson Assocs. Realty Corp. v Blasland, Bouck & Lee*, 230 AD2d 723, 725; *see, Rist v Comi, supra; Israel v Hirsh*, 81 AD2d 694). Having found that Supreme Court properly declined to review the propriety of the exercise of this discretion by Supreme Court in New York County, we also refuse to do so.

---

**2.** Plaintiff appealed this order to the First Department, which affirmed on April 11, 2000 (*see, Security Mut. Life Ins. Co. v Di Pasquale*, 271 AD2d 268).

Finally, we disagree with Security Mutual's posture that this appeal was rendered moot when the First Department issued its decision regarding plaintiff's appeal. We note that the affirmance recognized the approval of Supreme Court as a condition precedent to the removal of the action to New York County (*see, Security Mut. Life Ins. Co. v Di Pasquale*, 271 AD2d 268, *supra*). Accordingly, our affirmance of the requisite approval removes any impediment to the execution of the order by Supreme Court in New York County and, thus, clearly affects the rights of the parties (*see generally, Matter of Hearst Corp. v Clyne*, 50 NY2d 707).

Crew III, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.