■ SECURITY MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent, v CHRISTOPHER E. DiPASQUALE, Appellant. (And Another Action.) [756 NYS2d 5] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about July 10, 2001, which, inter alia, granted insurer's motion for summary judgment declaring that its obligation to pay partial disability benefits to insured ceased subsequent to October 1995, and striking all counterclaims and affirmative defenses, and all claims from a complaint formerly pending in Broome County, unanimously affirmed, without costs.

Even in the absence of an explicit cooperation clause, the insured owed the insurer a duty of good faith, and was prohibited from refusing to comply with a requirement expressly set forth in the subject policies (*see Structure Tone v Burgess Steel Prods. Corp.*, 249 AD2d 144) that mandated the submission directly to the insurer or its agents, on request, of unredacted federal tax returns for the entire period sought. Throughout the seven years since this dispute began, insured has never complied with that obligation, but has chosen instead to press meritless claims (*see e.g. DiPasquale v Security Mut. Life Ins. Co. of N.Y.*, 293 AD2d 394). In light of insured's conduct, the motion court correctly found that there was no factual issue preventing it from declaring in insurer's favor and dismissing insured's affirmative defenses and counterclaims, as well as the causes of action still pending after the insured's action in Broome County was removed to this jurisdiction and consolidated with insurer's New York County ac-

tion (*see Security Mut. Life Ins. Co. v DiPasquale*, 271 AD2d 268; *and see Di Pasquale v Security Mut. Life Ins. Co.*, 273 AD2d 621). We have considered all of the insured's other arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Ellerin, Williams and Marlow, JJ.