Heartbeat Intl., Inc. v James (2025 NY Slip Op 04368)

Heartbeat Intl., Inc. v James

2025 NY Slip Op 04368

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, NOWAK, AND KEANE, JJ.

511 CA 24-00921

[*1]HEARTBEAT INTERNATIONAL, INC., ON BEHALF OF ITSELF AND ITS MEMBERS AND CLIENTS, ET AL., PLAINTIFFS-RESPONDENTS,
v
LETITIA JAMES, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF STATE OF NEW YORK, DEFENDANT-APPELLANT. 

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CHRISTOPHER A. FERRARA, THOMAS MORE SOCIETY, WHITESTONE, FOR PLAINTIFFS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Monroe County (Sam L. Valleriani, J.), entered May 24, 2024. The order, inter alia, granted the motion of plaintiff to consolidate two actions in Supreme Court, Monroe County. 
It is hereby ORDERED that the order so appealed from is unanimously modified in the exercise of discretion by denying plaintiffs' motion to the extent that it seeks an order designating Supreme Court, Monroe County, as the place of trial for the consolidated action and designating Supreme Court, New York County, as the place of trial of the consolidated action and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, New York County, for further proceedings.
Memorandum: On April 22, 2024, defendant Letitia James, in her official capacity as Attorney General of the State of New York (AG), sent notice of proposed action letters to various entities, including plaintiff Heartbeat International, Inc., and its members (HBI parties). The HBI parties were afforded, upon receipt of the letters, five business days to provide a reason why the litigation should not be commenced (see General Business Law § 349 [c]). The HBI parties did not respond to the letters and instead commenced the instant action in Supreme Court, Monroe County, seeking declaratory and injunctive relief from the litigation anticipated in the letters. Thereafter, on May 6, 2024, the AG commenced an action against the HBI parties in Supreme Court, New York County, consistent with her notice letters. The HBI parties moved in this action to, inter alia, consolidate this action with the AG's action and transfer the AG's action to Monroe County. Supreme Court, Monroe County, granted the HBI parties' motion, consolidated the actions, designated Monroe County as the place of trial for the consolidated action, and deemed the AG to be the plaintiff and the HBI parties the defendants. The AG now appeals, as limited by her brief, from that part of the order that designated Monroe County as the appropriate venue.
"[C]onsolidated actions are generally tried where the first action was commenced, although the placement of venue rests in the sound discretion of the motion court" (Di Pasquale v Security Mut. Life Ins. Co. of N.Y., 273 AD2d 621, 622 [3d Dept 2000]). This Court, moreover, "is vested with the same power and discretion as the [motion court] possesses" and we may substitute our own discretion even absent a finding that the motion court abused its discretion (Phoenix Mut. Life Ins. Co. v Conway, 11 NY2d 367, 370 [1962]; see O'Brien v Vassar Bros. Hosp., 207 AD2d 169, 171-172 [2d Dept 1995]; see generally Smith v MDA Consulting Engrs., PLLC, 210 AD3d 1448, 1448-1449 [4th Dept 2022], lv denied 39 NY3d 910 [*2][2023]). To that end, the first-in-time rule is not to be applied mechanically and exceptions may apply to the rule, including where the first-filed action constitutes an improper anticipatory filing (see L-3 Communications Corp. v SafeNet, Inc., 45 AD3d 1, 8-9 [1st Dept 2007]; White Light Prods. v On The Scene Prods., 231 AD2d 90, 99-100 [1st Dept 1997]).
Here, we agree with the AG that the HBI parties commenced this action preemptively and that the first-in-time rule should not apply (see L-3 Communications Corp., 45 AD3d at 8-9). It is undisputed that the HBI parties received the notice of intent to sue letters and were given five days to respond to the letters but instead chose to immediately commence this action seeking, inter alia, declarations that the AG's anticipated causes of action against them are without merit. Application of the first-in-time rule under circumstances such as these, which evince a race to the courthouse, "would create disincentives to responsible litigation, by discouraging settlements due to fear of a preemptive strike and by providing a tactical advantage to defendants seeking a more favorable forum for litigation" (id. at 8). We therefore conclude that the preemptive filing by the HBI parties warrants a departure from the first-in-time rule and we modify the order by designating Supreme Court, New York County, the chosen venue of the AG as the acknowledged plaintiff (see generally Matter of Zelazny Family Enters., LLC v Town of Shelby, 180 AD3d 45, 47 [4th Dept 2019]), as the place of trial of the consolidated action.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court